UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF THE 1199SEIU
NATIONAL BENEFIT FUND FOR
HEALTH AND HUMAN SERVICE EMPLOYEES,

                              **18 CV 07123 (AMD) CLP**

        Plaintiff,

      -against-

                              DEFENDANTS STATEMENT
ALFRED COTTO, LAW OFFICE OF WILLIAM     PURSUANT TO FED. RULE
PAGER, SOL SOKEL, ESQ., and                     CIV. PRO. 56.1
WILLIAM PAGER, ESQ.,

         Defendants.
-------------------------------------------------------------X

      Defendants Alfred Cotto, Law Offices of William Pager, and William Pager, hereby

respond and submit the within counter-statement of material facts, pursuant to Rule 56.1 of the

Civil Rules for the Eastern and Southern District of New York in response to the Plaintiff, the

Trustees of the 1199SEIU National Benefit Fund for Health and Human Service Employees (the

"Fund" or "Plaintiff"):

1.     Agree that the Plaintiffs brought this action which seeks the creation of an equitable

        constructive trust, and a declaration of rights and other equitable relief to enjoin

        Defendants' violation of and enforce the terms of the plan pursuant to the terms of the

        Fund's Plan of benefits and under Section 502(a)(3) of the Employee Retirement Income

        Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

### PARTIES

2.     Agree that Plaintiff may be a fiduciary of the Fund and, as such, claims to be entitled to

        bring this action pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The defendants

do not dispute that Fund may be a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code.

3. The defendants have no knowledge whether Fund is or is not considered an insurance company and whether they are or are not not subject to New York State Insurance law;

4. The defendants have no knowledge whether Fund provides coverage in accordance with a written Summary Plan Description ("SPD"). The defendants have no knowledge whether policy choices of the Fund are properly set forth or are applicable in any way herein.

5. The defendants have no knowledge whether the Fund is a multi-employer trust, or whether the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.

6. The defendants dispute that defendants Alfred Cotto, Law Office of William Pager and William Pager, Esq. were and may be considered a "beneficiary", and agree that Law Offices of William Pager were counsel for Alfredo Cotto. The defendants further agree that Alfredo Cotto received certain medical care, which had been, apparently, erroneously and improperly paid for by the Fund following Cotto's vehicular accident. (Compl. Cotto v. NYU Langone, et al. Case No. CV 19-4089 EDNY Para. 63)

7.      Agree that Defendant Sol Sokel was voluntarily dismissed from this action because he is
        no longer associated with Defendant Law Office of William Pager.(Comp. Para. 7; Ans.
        Para. 5).

8.      Agree that as a result of Mr. Cotto's injuries, through his counsel. he commenced a
        personal injury action against the responsible parties entitled Cotto v. Yelsi Yunir
        Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease
        of Philadelphia, Ean Holdings LLC, Penrac, LLC and Enterprise Holdings, Inc., Index
        No. 515803/2015, NY State Supreme Court, Kings County (the "Personal Injury
        Action").(Comp. Para. 7; Ans. Para. 5)

9.      Disagree. The underlying action in Supreme Court Kings County has been marked settled
        and disposed for the amount of $25,000.00. The defendants Cotto and Law Offices of
        William Pager have not received any of the settlement funds.

10.     The defendants have no knowledge whether Union is a labor union representing
        hundreds of thousands of health care workers throughout the northeast. The defendants
        disagree and dispute that "as a beneficiary receiving benefits from the Fund's plan of
        benefits, Defendant Alfred Cotto is subject to the terms of the Fund's SPD".

11.     Agree that defendants Law Office of William Pager, and William Pager, Esq. are located
        in/residents of Brooklyn, New York.

## VENUE

12.     Agree that pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court, as
        Defendants reside/are located in Brooklyn, New York and the Personal Injury Action is
        being prosecuted there.

# FACTUAL ALLEGATIONS

13.    The defendants agree that Defendant Alfred Cotto was injured in a vehicular accident on

or about September 20, 2015 (the "Accident.") The defendants do not dispute that in

connection with the injuries suffered by Mr. Cotto as a result of the Accident, the Fund

paid various hospital, medical, laboratory and and/or x-ray benefits on behalf of Mr.

Cotto in the amount which they claim to total $38,262.19.

14.    The Defendants Alfred Cotto, Law Office of William Pager, and William Pager, Esq

disagree with the Plaintiffs formulation. Rather the defendants contend that the lien

asserted herein had been created wrongfully, that the Plaintiff should not have paid any of

the medical bills, under their own rules, and that all of the medical bills should have been

timely submitted to Allstate Insurance Company, and paid under the No Fault statutes of

Insurance law of the State of New York.

15.    The Defendants disagree with the Plaintiffs formulation, but admit that the Defendants

have filed an action against the Fund in federal court seeking to vacate the improper

assertion of lien by the Plaintiffs herein. That action is entitled <u>Alfredo Cotto. v. NYU

Langone Hospitals, NYU Langone Health Systems, NYU Langone Medical Center, NYU

Langone Orthopedic, Hank Ross Medical P.C. , Allstate Insurance Company, and

Trustees of the 1199SEIU National Benefit Fund.</u>

16.    Disagree that the Fund is entitled to equitable restitution of the $38,262.19 it paid in

connection with the Accident.

17.    The Defendants dispute the application of the plaintiff's listed provision to the

individuals, the facts and circumstances herein, and the defendants have no knowledge

whether the Plan during the relevant period contained a reimbursement and right of recovery provision.

Additionally, the Defendants contend that the Plaintiffs Fund failed to meet their obligations and follow their own rules, under their Plan, under the law and under these circumstances and they failed to mitigate their damages. Inter alia, the Fund failed to ensure/confirm that the medical bills had been properly submitted to the appropriate insurance carrier, under the No Fault provisions of Insurance Law and the Fund failed to confirm that the No Fault benefits had been exhausted, prior to paying any medical bills.

18. The defendants disagree and dispute the plaintiffs claim that pursuant to the terms and operation of the Fund's Plan, the Fund has an equitable lien and right to equitable restitution from the settlement proceeds of the medical benefits payments it advanced on behalf of Mr. Cotto.

19. The defendants disagree with the plaintiff's position that SPD for the Fund states that though expenses incurred by a participant or beneficiary as a result of a third party are not covered benefits, the Fund's payments of those expenses while a dispute is pending are only advances that must be returned to the Fund and states further that the Fund must be reimbursed from any proceeds of any verdict or settlement reached in a lawsuit that is brought by the participant against someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions.

20. Defendants agree that neither Cotto nor his counsel had appealed to the Fund's Board of Trustees with any objections to the Fund's assertion of its lien in the amount of $ $38,262

as required by the SPD. Defendants contend that the defendants were not on notice of any obligation to do so, and that the defendants were not obligated to do so.

21. The defendants have no knowledge whether Plan during the relevant period contained a mechanism for disputing the Fund's Lien Determination which states in relevant part (SPD, Section I.G).

## DEFENDANTS COUNTER STATEMENT OF MATERIAL FACTS

1. That on September 20, 2015 **ALFREDO COTTO** was involved in the motor vehicle accident, which took place at intersection of Atlantic Avenue and Autumn Avenue, County of Kings, State of New York and he sustained serious multiple injuries.

2. Alfredo Cotto had retained the services of attorney William Pager and Law Offices of William Pager for the purpose of commencing a legal action in Court, and for collecting compensation for personal injuries sustained by Alfredo Cotto in the above described accident.

3. That William Pager and the Law offices of William Pager had commenced an action in Supreme Court, Kings County on behalf of Alfredo Cotto.

4. ALFREDO COTTO sought medical treatment and related services from physician HANK ROSS MEDICAL P.C. and NYU LANGONE HOSPITAL as a result of the injuries he sustained in the above automobile accident. On or about November 4, 2015 Plaintiff AFLREDO COTTO received initial medical consultation and a recommendation for the right shoulder surgery from HANK ROSS MEDICAL P.C.

5. On December 4, 2015 ALFREDO COTTO was scheduled for, and had, eventually, undergone right shoulder surgery in NYU Langone Orthopedic Hospital a/k/a NYU

Hospitals Center performed by HANK ROSS MEDICAL P.C., and its principal Dr. Hank Ross, which surgery was necessitated by and was a result of the injuries sustained by Plaintiff in the aforesaid motor vehicle accident.

6. That at all relevant times herein, every automobile insurance policy in New York State provides for the payment of first-party benefits, also known as No-fault benefits, of up to $50,000 for "basic economic loss" for covered persons injured in car accidents pursuant to Insurance Law of the State of New York.

7. At all relevant times, Alfredo Cotto was covered by No Fault Insurance coverage with Allstate Insurance Company, and Allstate Insurance Company was obligated to pay all of the medical bills which were incurred as a result of this auto accident.

8. That the aforementioned medical providers NYU Langone, Hank Ross and Hank Ross Medical P.C., etal., had not properly and timely submitted their bills for medical services for payment to Allstate Insurance Company.

9. Had these medical providers properly and timely submitted their bills to Allstate Insurance Company, for payment under the No Fault statutes of NYS Insurance Law, there would have been no lien against the proceeds of Alfredo Cotto's underlying settlement in the Supreme Court action.

10. Instead, the medical providers had, wrongfully, submitted their medical bills to the Plaintiff, the Fund, for payment.

11. That the plaintiff Fund should not have paid the medical bills submitted to the Fund, and the Fund paid these bills negligently, wrongfully and improperly.

12. That, upon information and belief, the Fund's own rules require that the Benefit Fund be provided with proof that the claimant has exhausted any available no-fault benefits and

also exhausted the no-fault appeals process before the Benefit Fund will consider payment in accordance with its Schedule of Fees and Allowances.

13. For this, and other reasons, the Fund had violated and failed to observe its own rules and had otherwise acted wrongfully.

14. That the negligent, wrongful and improper acts and omissions by the Fund, as well as the medical providers created an untenable situation, wherein the Fund attempts to assert a lien (which should not exist under the New York State Insurance Law) and that this purported lien is far in excess of the client's share of the settlement proceeds.

15. To resolve this untenable situation, Alfredo Cotto and the Pager defendants commenced a separate action in United States District Court, Eastern District of New York, under CV 19-4089 against the Fund, and the various medical providers who had submitted the bills herein.

16. In this action, brought by the plaintiff, the Fund, the Fund had undisputedly failed to follow its own rules, had failed to demand appropriate proof and documentation of exhaustion/unavailability of No Fault benefits and had been otherwise negligent, and in error.

DATED:        Sept. 18, 2019

LAW OFFICES OF WILLIAM PAGER

By:      /s/ William Pager_____
         WILLIAM PAGER
         LAW OFFICES OF WILLIAM PAGER
         ALFREDO COTTO
         205 Kings Highway
         Brooklyn, New York 11223
         p (718) 998-1010
         f (718) 998-8046