# LAW OFFICES OF

# WILLIAM PAGER

205 Kings Highway  
Brooklyn, New York 11223

(718) 998-1010  
(866) 5000LAW  
Fax (718) 998-8046

September 18, 2019

The Honorable Judge Ann M. Donnelly  
United States District Judge  
United States District Court for the Eastern District  
of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re: Trustees of the 1199 SEIU Fund ... v. Alfred Cotto, etal.  
Docket: 18-cv- 07123 (EDNY)

Dear Judge Donnelly:

The undersigned is a named defendant, and is the principal of another named defendant, the Law Offices of William Pager. We represent the interests of Alfredo Cotto, also named as a defendant herein. Respectfully, we oppose the plaintiff's intended motion under Federal Rule 56.

The Plaintiffs seek to move for judgment, and attempt to assert a blatantly improper lien for medical payments they purport to have made on behalf of Alfredo Cotto. According to the limited submissions, so far, the plaintiffs had violated their own rules and procedures in making the payments for the bills submitted to them. Moreover, the defendants would be obviously prejudiced by a pre-discovery, early motion under Rule 56, wherein all of the available evidence, to oppose the motion, is in possession of the moving plaintiff.

The underlying facts are as follows. On September 20, 2015 **ALFREDO COTTO** was involved in the motor vehicle accident, and he sustained serious multiple injuries. Alfredo Cotto

had retained the services of our offices to prosecute an action sounding in negligence. Our offices had commenced an action in Supreme Court, Kings County on behalf of Alfredo Cotto.

As a result of the injuries sustained in this automobile accident, ALFREDO COTTO sought medical treatment and related services from physician HANK ROSS MEDICAL P.C. and NYU LANGONE HOSPITAL. **O**n December 4, 2015 ALFREDO COTTO was scheduled for, and had, eventually, undergone right shoulder surgery in NYU Langone Orthopedic Hospital, performed by HANK ROSS MEDICAL P.C., and its principal Dr. Hank Ross.

In New York state, every automobile insurance policy provides for the payment of first-party benefits, also known as No-fault benefits, of up to $50,000 for "basic economic loss" for covered persons injured in car accidents pursuant to Insurance Law of the State of New York. At the time, Alfredo Cotto was covered by No Fault Insurance coverage with Allstate Insurance Company, and Allstate Insurance Company was obligated to pay all of the medical bills which were incurred as a result of this auto accident.

That the medical providers had not properly and timely submitted their bills for medical services for payment to Allstate Insurance Company. Had these medical providers properly and timely submitted their bills to Allstate Insurance Company, for payment under the No Fault statutes of NYS Insurance Law, there would have been no lien against the proceeds of Alfredo Cotto's underlying settlement in the Supreme Court action. Instead, the medical providers had, wrongfully, submitted their medical bills to the Plaintiff, the Fund, for payment.

According to the Fund's own representations, the Fund's own rules require that the Benefit Fund be provided with proof that the claimant has exhausted any available no-fault benefits and also exhausted the no-fault appeals process before the Benefit Fund will consider payment in accordance with its Schedule of Fees and Allowances. In this matter, the plaintiff, the Fund failed to demand documentation and/or confirmation of the unavailable/exhausted No Fault benefits from the claimant and his medical providers. In fact, no fault benefits were open and available for payment of Alfredo Cotto's medical benefits through Allstate Insurance Company.

Therefore, the plaintiff Fund should not have paid the medical bills submitted to the Fund, and the Fund paid these bills negligently, wrongfully and improperly. In doing so, the Fund had violated and failed to observe its own rules and had otherwise acted wrongfully. That the

negligent, wrongful and improper acts and omissions by the Fund, as well as the medical providers created an untenable situation, wherein the Fund now attempts to assert a lien (which should not exist under the New York State Insurance Law) and that this purported lien is far in excess of the client's share of the settlement proceeds. To resolve this untenable situation, Alfredo Cotto and the Pager defendants commenced a separate action in United States District Court, Eastern District of New York, under 19 CV 4089, against the Fund, and the various medical providers who had submitted the bills herein.

In this action, brought by the plaintiff, the Fund, the Fund had undisputedly failed to follow its own rules, had failed to demand appropriate proof and documentation of exhaustion/unavailability of No Fault benefits and had been otherwise negligent, and in error.

Respectfully, we further submit that the defendants would be prejudiced by the plaintiff's premature, pre-discovery motion under Rule 56. The defendants have not had an opportunity to depose the plaintiffs witnesses, to demand and to review documents, and have not had an opportunity to (a) identify and confirm the rules followed by the Fund in paying similar claims, (b) to reveal the circumstances under which the medical bills, in this claim, had been submitted, and considered for payment (c) identify what, if any, documentation had been provided to or demanded by the Fund; (d) how and why the decision was made to pay the medical bills in a circumstance where No Fault benefits were still open and available through Allstate Insurance Company, etc. Therefore, we ask that the Court deny the plaintiff's request to bring their intended motion.

DATED: Sept. 18, 2019

LAW OFFICES OF WILLIAM PAGER

By: /s/William Pager
WILLIAM PAGER
LAW OFFICES OF WILLIAM PAGER
ALFREDO COTTO
205 Kings Highway
Brooklyn, New York 11223
p (718) 998-1010
f (718) 998-8046

Attorney for Defendants