

National Benefit Fund • Health Care Employees Pension Fund
Greater New York Benefit Fund • Greater New York Pension Fund
Home Care Employees Benefit Fund • Home Care Employees Pension Fund

330 WEST 42ND STREET | NEW YORK, NY 10036-6977 | WWW.1199SEIUBENEFITS.ORG

September 20, 2019

By E-Filing

The Honorable Ann M. Donnelly
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**In re: Trustees of the 1199SEIU National Benefit Fund for Health and Human Service Employees v. Alfred Cotto, et al., Case No. 18-cv-07123 (E.D.N.Y.) (AMD)(CLP)**

Dear Judge Donnelly:

This office represents Plaintiff Trustees of the 1199SEIU National Benefit Fund for Health and Human Service Employees ("Fund") in the referenced action. We write pursuant to Your Honor's Order dated September 6, 2019 directing the Fund to refile its request for a pre-motion conference with Rule 56.1 Statement and Counter Statement pursuant to Your Honor's Individual Rule IV.A. The Fund's Rule 56.1 Statement is being filed today. Defendants' 56.1 Counterstatement was filed previously. The Fund hereby requests a pre-motion conference and leave to file a Motion for Summary Judgment pursuant to Federal Rule 56 for judgment declaring the validity of the Fund's lien against any recovery in Defendant Alfred Cotto's personal injury action and issuing a permanent restraining order enjoining Defendants from dishonoring the Fund's valid lien.

The Fund is a self-funded multi-employer welfare plan established under the Taft-Hartley Act and ERISA. Defendant Cotto is a personal injury plaintiff covered by the Fund's plan of health benefits (the "Plan") who was injured in a motor vehicle accident. The Fund advanced payment of medical benefits on Defendant's behalf in an amount exceeding $30,000, subject to a lien on any recovery in any related personal injury action. Defendant Cotto and his attorneys, also Defendants, are currently prosecuting a personal injury action related to the accident. They have refused to honor the Fund's lien and are currently subject to a Preliminary Injunction entered by this Court preventing disbursement of any monetary recovery or settlement in the personal injury action. Defendants Law Offices of William Pager and William Pager, Esq. (the "Attorney Defendants") are personal injury attorneys who represent Cotto in the tort case underlying the lien entitled Cotto v. Yelsi Yunir Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease of Philadelphia, Ean Holdings LLC, Penrac,

LLC and Enterprise Holdings, Inc., Index No. 515803/2015, NY State Supreme Court, Kings County.  Upon information at belief, the Attorney Defendants and Cotto are also prosecuting at least two other tort cases. See elaw records referencing Alfred Cotto v. Ian Holdings, Inc. 0517690/2017 (Sup. Ct. Kings County) and Alfred Cotto v. 363 Stanley Avenue, 0506898/2018 (Sup. Ct. Kings County).

The bases for summary judgment for the Fund in this action include the absence of any dispute of material fact respecting the existence and enforceability of the Fund's lien.  This is an action pursuant to ERISA Section 502(a)(3) to enforce the terms of the Fund's Plan of Benefits which establishes the lien. There is no dispute that the Fund paid Cotto's medical expenses related to his injury and that his pending personal injury case is related to the same accident. There is also no question that Cotto and his counsel have no intention of honoring the Fund's lien. To the extent Cotto has, or had, any dispute about the Fund's lien or its validity, indisputably such dispute was required to be addressed through the Fund's administrative remedy structure set forth in the Plan of Benefits. In addition, any equitable defense that Cotto purports to raise is not cognizable where, as here, the terms of the Plan are clear.  U.S. Airways v. McCutcheon, 569 U.S. 88 (2013).

The Fund expects to include all the foregoing grounds for summary judgment in its motion.

In addition, the Fund intends to move the Court for an enlargement of time to file the summons herein, which was not initially served on Defendant when the case was brought on by Order to Show Cause.  The Complaint was served with the Order to Show cause and the Defendants were then fully apprised of the Fund's claims. The Defendants' counsel has since declined to accept service of the summons.  Instead, they have commenced an action in this Court asserting purported counterclaims against the Fund.[1] Defendants have waived any jurisdictional objection and will suffer no prejudice by an enlargement, which should therefore be granted.

Thank you for your consideration.

Respectfully,


_____/s/_____
Jennifer D. Weekley
Assistant General Counsel
1199SEIU National Benefit and Pension Funds
330 W. 42nd Street, 31st Floor
New York, New York 10036

---

[1] A copy of the Complaint in Cotto's suit against the Fund is annexed as Exhibit A to the Fund's 56.1 Statement herein.