IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 1 6 2019   ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

------------------------------------------------------X

ALFREDO COTTO, LAW OFFICES OF WILLIAM PAGER
AND WILLIAM PAGER, ESQ

CV 19 - 4089

**COMPLAINT**

Plaintiff,

**JURY DEMANDED**

-against-

Docket No.:
**KUNTZ, J.**

NYU LANGONE HOSPITALS, NYU LANGONE HEALTH
SYSTEMS, NEW YORK LANGONE MEDICAL CENTER,
NYU LANGONE ORTHOPEDIC HOSPITAL, HANK ROSS
MEDICAL P.C. , ALLSTATE INSURANCE COMPANY,
TRUSTEES OF THE 1199 SEIU FUND FOR HEALTH AND
HUMAN SERVICE EMPLOYEES

**TISCIONE, M.J.**

Defendants.

------------------------------------------------------X

Plaintiffs, by their attorneys, **LAW OFFICES OF WILLIAM PAGER**, complaining of the

Defendants, respectfully allege, upon information and belief:

## JURISDICTIONAL STATEMENT

1.       At the time of the commencement of this action Plaintiff Alfredo Cotto was, and

still is, resident of the County of Kings and State of New York.

2.       The cause of action herein alleged arose in the State of New York, County of

Kings.

3.       That the claims herein involve and fall within the scope of ERISA and involve

questions of federal law, conferring exclusive federal jurisdiction and "providing for appropriate

remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b).

4.      That the jurisdiction of this Court is invoked herein, inter alia, in that one of the named defendants herein, Trustees of the 1199 SEIU Fund for Health and Human Service Employees had earlier commenced a related action against Alfredo Cotto, Law Offices of William Pager, and other parties, and that this action is currently pending in this federal district court, Eastern District of New York, under the docket number # 18-CV-7123 and is presently assigned to Magistrate Judge Cheryl L. Pollak. (The Summons and Complaint annexed as exhibit "A")

5.      That this instant action, commenced herein, names as defendants, parties necessary and indispensable to the above described earlier action, which was commenced by Trustees of the 1199 SEIU Fund, and now these parties are required to be joined, herein.

6.      That these named defendants are necessary parties within the meaning of Fed. R. Civ. P. 19(a) because it is impossible to fairly litigate the issue relevant to the above early action in their absence.

7.      That an omission of these parties would leave the defendants Alfredo Cotto, Law Offices of William Pager and William Pager, named in the earlier action, subject to a substantial risk of incurring inconsistent obligations and damages and a judgment rendered in the named defendants' absence would be prejudicial to the named plaintiffs herein

8.      That the prejudice to the plaintiffs cannot be lessened or avoided with any protective provisions in the judgment.

9.      That a judgment rendered in the named defendants' absence will be inadequate and insufficient.

10.     That the plaintiffs will not have an adequate remedy in the absence of these, presently named defendants, **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH**

SYSTEMS, NEW YORK LANGONE MEDICAL CENTER, NYU LANGONE
ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C., ALLSTATE INSURANCE
COMPANY, TRUSTEES OF THE 1199 SEIU FUND FOR HEALTH AND HUMAN
SERVICE EMPLOYEES AND the court cannot accord complete relief among the parties.

## THE PARTIES

11.     That Alfredo Cotto is an individual residing in the County of Kings, City of New
York, State of New York.

12.     That William Pager is an attorney duly admitted to practice of law in the Courts of
the state of New York.

13.     That William Pager is the sole proprietor of a law firm, known as the Law Offices
of William Pager.

14.     That the defendants Trustees of the 1199 SEIU Fund identify themselves as a
board of trustees who administer the fund, offering self-insured, self-administered healthcare and
retirement benefits to members and retirees of 1199SEIU United Healthcare Workers East, New
York's largest union representing healthcare workers and their dependents.

15.     That the defendant 1199 National Benefit Fund is a not-for-profit, self-administered
welfare trust fund for health and human services employees. The organization, which is funded by
employer contributions, provides health care, life insurance, and disability benefits to members of
New York's 1199 union for workers in voluntary hospitals, nursing homes, mental health clinics,
pharmacies, and home care and social service agencies.

16.     At all times herein mentioned, the Defendants NYU Langone Hospitals, NYU
Langone Health Systems, NEW YORK LANGONE MEDICAL CENTER, NYU Langone

Orthopedic Hospital were privately owned healthcare organizations and entities existing in the State and City of New York, under and by the virtue of the laws of the State of New York.

17.     At all times, Defendant **NYU LANGONE HOSPITALS** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

18.     At all times mentioned herein, the principal place of business of Defendant **NYU LANGONE HOSPITALS,** are and were located in the State of New York.

19.     At all times, Defendant **NYU LANGONE HEALTH SYSTEMS** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

20.     At all times mentioned herein, the principal place of business of Defendant **NYU LANGONE HEALTH SYSTEMS** was located in the State of New York, County of New York.

21.     At all times, Defendant **NYU LANGONE ORTHOPEDIC HOSPITAL** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

22.     At all times mentioned herein, the principal place of business of Defendant **NYU LANGONE ORTHOPEDIC HOSPITAL** was located in the State of New York, County of New York.

23.     At all times, Defendant **NYU LANGONE MEDICAL CENTER** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

24.     At all times mentioned herein, the principal place of business of Defendant **NYU LANGONE MEDICAL CENTER** was located in the State of New York, County of New York.

25.     At all times mentioned herein, **NYU Langone Health** was and is an academic medical center located in New York City, New York

26.     At all times herein mention, the NYU Medical Center comprises the NYU School of Medicine and several hospitals and operates multiple ambulatory facilities in Manhattan, Brooklyn, Queens and Long Island.

27.     That at all times herein mentioned Dr. Hank Ross was a physician and a medical professional licensed to practice medicine in the State of New York.

28.     At all times mentioned herein, Dr. Hank Ross owned a health-care facility and a professional corporation known as **HANK ROSS MEDICAL P.C.** pursuant to the laws of the State of New York for the care of the patients, located at 153-19 Union Turnpike, Flushing, NY 11367 which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including the Plaintiff **ALFREDO COTTO** could be treated for various ailments and conditions.

29.     At all times mentioned herein, Defendant **HANK ROSS MEDICAL P.C.** was, and still is, a professional medical corporation duly authorized and existing under, and by virtue of, the laws of the State of New York.

30.     At all times mentioned herein, the principal place of business of Defendant **HANK ROSS MEDICAL P.C.** was located in the State of New York, County of Queens.

31.     That at all times mentioned herein, Allstate Insurance Company is a publicly held insurance company, conducting business in the City and State of New York, which is headquartered in the state of Illinois.

32.     That at all times mentioned herein, Allstate Insurance Company maintains multiple offices for conducting business in the State of New York.

33.     The events complained of herein occurred in the State of New York.

34.     The amount in controversy exceeds, exclusive of interest and costs, $75,000.00.

35.     Jurisdiction exists under Title 28 USCA Section 1332, as well as ERISA and various other reasons, as set forth above.

## AS AND FOR A FIRST CAUSE OF ACTION

36.     At all times mentioned herein, Defendants **NYU LANGONE HOSPITALS AND NYU LANGONE HEALTH SYSTEMS, NYU Langone Orthopedic Hospital a/k/a NYU Hospitals Center** (hereinafter collectively referred to as the **NYU Langone Hospital**) owned, operated a hospital and a medical facility for the care of the sick, located at 301 East 17th Street, New York, NY 10003, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff **ALFREDO COTTO** could be treated for various ailments.

37.     At all times mentioned herein, Defendants **NYU LANGONE HOSPITAL** owned, maintained and operated a medical billing department, with trained personnel therein, responsible for obtaining the appropriate information, and for preparing, processing billing and collecting

reimbursement for various medical bills, associated with various medical services provided by the hospital.

38.     At all times mentioned herein, Defendants **NYU LANGONE HOSPITAL** owned, managed, maintained, controlled, operated, supervised, inspected a medical billing department where they prepared, processed their various bills for services and they collected reimbursement for said bills from the appropriate individuals and entities.

39.     That on September 20, 2015 Plaintiff **ALFREDO COTTO** was involved in the motor vehicle accident, which took place at intersection of Atlantic Avenue and Autumn Avenue, County of Kings, State of New York and he sustained serious multiple injuries.

40.     That Plaintiff Alfredo Cotto had retained the services of attorney William Pager and Law Offices of William Pager for the purpose of commencing a legal action in Court, and for collecting compensation for personal injuries sustained by Alfredo Cotto in the above described accident.

41.     That William Pager and the Law offices of William Pager had commenced an action in Supreme Court, Kings County on behalf of Alfredo Cotto.

42.     Upon information and belief, Plaintiff **ALFREDO COTTO** sought medical treatment and related services from Defendant **HANK ROSS MEDICAL P.C. and NYU LANGONE HOSPITAL** defendants as a result of the injuries he sustained in the above automobile accident.

43.     That on or about November 4, 2015 Plaintiff **AFLREDO COTTO** received initial medical consultation and a recommendation for the right shoulder surgery from Defendant **HANK ROSS MEDICAL P.C.**

44.     That upon information and belief, on December 4, 2015 Plaintiff **ALFREDO COTTO** was scheduled for, and had, eventually, undergone right shoulder surgery in NYU Langone Orthopedic Hospital a/k/a NYU Hospitals Center performed by Defendant **HANK ROSS MEDICAL P.C.**, and its principal Dr. Hank Ross, which surgery was necessitated by and was a result of the injuries sustained by Plaintiff in the aforesaid motor vehicle accident.

45.     That at all relevant times herein, every automobile insurance policy in New York State provides for the payment of first-party benefits, also known as No-fault benefits, of up to $50,000 for "basic economic loss" for covered persons injured in car accidents pursuant to Insurance Law of the State of New York.

46.     That under N.Y. Comp. Codes R. & Regs. Tit. 11, 65-1.1(b)(2002)(Regulation 68), which is the prescribed endorsement for No-Fault coverage in New York for all new and renewal policies effective on and after April 5, 2002, the Proof of Claim Condition mandates that "In the case of a claim for health service expenses, the eligible injured person or that persons assignee or representative shall submit written proof of claim to the Company, including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered.".

47.     That under Section 2807-c (applicable to No-Fault), reimbursement for inpatient hospital billings are made on an individually calculated case based payment per patient discharge ("DRG"). The system of DRG calculation is governed under N.Y. Comp. Codes R. & Reg. Tit. 10, § 86-1.50 and 1.51 (2002). Therefore, in applying both the No-Fault and Public Health regulations, the time period for submission of bills by hospitals begins with the date of patient discharge.

48.     That at all relevant times herein, the Plaintiff **Alfredo Cotto** had available insurance coverage with **ALLSTATE INSURANCE Co.**, which would and did pay appropriately submitted medical bills, under the No-Fault statutes and regulations.

49.     That at all times Defendants **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C.** had the duty to properly collect information, process the medical bills and timely submit said bills for payment and/or reimbursement in a reasonably diligent and appropriate manner on behalf of ALFREDO COTTO from Allstate Insurance Company.

50.     That at all times herein mentioned, the Defendants NYU Langone Hospital and Hank Ross Medical P.C. were obligated to process information, prepare and submit bills and seek reimbursement for health service benefits rendered to ALFREDO COTTO pursuant to the New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.) (commonly known as the "No Fault Law") from ALLSTATE INSURANCE COMPANY.

51.     That at all times herein mention, the Comprehensive Motor Vehicle Insurance Reparations Act, commonly referred to as the 'No-Fault Law' (*see* Insurance Law art 51) is aimed at ensuring 'prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists.

52.     That under Insurance Law § 5102(a), no-fault benefits are intended to reimburse persons and medical providers, for, among other things, medical expenses incurred as a result of a motor vehicle accident.

53.     That at the time of the medical services provided to him by the aforementioned defendants, Plaintiff **ALFREDO COTTO** had available and enjoyed health service benefits under the personal injury protection ("No Fault") provisions in automobile insurance policies written by his auto insurance company, defendant "Allstate Insurance Company", which afforded the "No-Fault" medical coverage for Plaintiff pursuant to the New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.)

54.     That the Defendants **NYU LANGONE HOSPITAL** and **HANK ROSS MEDICAL P.C.**, knew or should have known that the injuries sustained by ALFRED COTTO arose from an automobile accident.

55.     That the Defendants **NYU LANGONE HOSPITALS AND HANK ROSS MEDICAL P.C.** and their medical billing departments knew or should have known of the aforementioned available "No Fault" medical coverage through ALL STATE Insurance Company.

56.     That Defendants **NYU LANGONE HOSPITALS, AND HANK ROSS MEDICAL P.C** knew or should have known that they were obligated to submit medical bills for reimbursement to ALFRED COTTO'S insurance provider, i.e., ALLSTATE INSURANCE COMPANY under "No-Fault" medical coverage for Plaintiff pursuant to the New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.)

57.     That said defendants NYU LANGONE HOSPITALS AND HANK ROSS MEDICAL P.C. were obligated to **"submit written proof of claim** and medical bills to the insurer Allstate Insurance Company no later than **45 days** after services are rendered, under 11 NYCRR 65-2.4(c).

58.    That said defendants NYU LANGONE HOSPITALS AND HANK ROSS MEDICAL P.C. failed to meet their obligations and failed to "submit written proof of claim and medical bills to the insurer Allstate Insurance Company, as soon as reasonably practicable but no later than 45 days after services are rendered, under 11 NYCRR 65-1.1(d).

59.    Instead, the Defendant **NYU LANGONE HOSPITALS, AND HANK ROSS MEDICAL P.C.** had submitted medical bills for services to 1199 SEIU Funds, a self-funded, jointly trusted Employee Welfare Benefit Fund, for the Funds reimbursement and payment of medical bills.

60.    That at all times Defendants **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C.** had the duty to obtain information, process the information, prepare appropriate documentation and submit same to ALLSTATE INSURANCE COMPANY in a reasonable prompt and appropriate manner.

61.    That the Defendants **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C.** failed and had breached their duty to obtain information, process the information, prepare appropriate documentation and submit same to **ALLSTATE INSURANCE COMPANY** in a reasonable prompt and appropriate manner, thereby causing damages to **Alfredo Cotto**.

62.    That at all times Defendants **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C.** were negligent, careless and reckless in their hiring, retaining, instructing, training and supervision of their billing department and/or outsource company, and in failing to submit medical bills with proper insurance company, submit medical bills within required period of time.

63.     That Defendants **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C.**, their agents, servants, employees and/or outsource company knowingly knew and had information regarding the availability of other insurance and eligibility for "No-Fault" coverage provided by Allstate Insurance Company, negligently, carelessly, and recklessly submitted medical bills to co-defendant **Trustees of the 1199 SEIU FUND FOR HEALTH AND HUMAN SERVICE EMPLOYEES.**

64.     That the Defendants failure to appropriately process and submit their medical bills to ALLSTATE INSURANCE COMPANY in a reasonably timely and proper manner, caused and create an unnecessary and improper debt and a lien against the settlement proceeds in Alfredo Cotto's recovery in his auto accident lawsuit in Supreme Court, Kings County.

65.     That as a result of the Defendants wrongful, negligent, careless and reckless actions and omissions, **Trustees of the 1199 SEIU FUND FOR HEALTH AND HUMAN SERVICE EMPLOYEES** brought an action in United States District Court against multiple parties including Alfredo Cotto, Law Offices of William Pager and William Pager, wherein said TRUSTEES sought various relief. (Please see enclosed complaint)

66.     That as result of Defendants negligence, careless, reckless conduct, Plaintiffs Alfredo Cotto, Law Offices of William Pager and William Pager suffered financial losses due to the Defendants acts and omissions.

67.     That by reason of the foregoing, Plaintiff, Alfredo Cotto was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, including legal fees, costs and disbursements.

68.    That by reason of the foregoing, Plaintiff, Law Offices of William Pager and William Pager were damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, including legal fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

## IN BREACH OF CONTRACT

69.    That at all times hereinafter mentioned, Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the Jurisdictional Statements and First Cause of Action, with the same force and effect as though fully set forth herein at length.

70.    That the above named Defendants, TRUSTEES OF 1199 SIU FUND, LANGONE HOSPITAL, HANK ROSS MEDICAL P.C. AND ALLSTATE INSURANCE COMPANY had an existing agreement and a contract with ALFREDO COTTO.

71.    That ALFREDO COTTO had performed, as he was obligated and agreed upon, under the contract and agreement.

72.    That, by contrast, the named defendants failed to perform as they were obligated to do.

73.    The above named Defendants, TRUSTEES OF 1199 SIU FUND, LANGONE HOSPITAL AND HANK ROSS MEDICAL, P.C., ALLSTATE INSURANCE COMPANY their agents, servants, employees and/or outsource billing company have materially breached the agreement and the contract with the Plaintiff(s) by failing to act as they were obligated to do, under the agreement and contract.

74.    The above named Defendants, ALLSTATE INSURANCE COMPANY, their agents, servants, employees and/or outsource billing company have materially breached the

agreement and the contract with the Plaintiff(s) and the Defendants failed to pay the medical bills, incurred by ALFREDO COTTO as ALLSTATE INSURANCE COMPANY were obligated to do.

75.     That due to the breach of the agreement between the above named Defendants, their agents, servants, employees and the Plaintiff by the above named Defendants, the Plaintiff suffered financial losses and damages.

76.     That by reason of the foregoing, Plaintiff, Alfredo Cotto was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, along with legal fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

### IN UNJUST ENRICHMENT

77.     That at all times hereinafter mentioned, Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the Jurisdictional Statements and First Cause of Action, with the same force and effect as though fully set forth herein at length.

78.     That as result of Defendants actions and omissions Defendants enjoyed benefits and unjust enrichment.

79.     That as a result of the above, the Defendants benefited at the expense of the Plaintiffs, and to the detriment of the Plaintiffs.

80.     That equity and good conscience require restitution of the damages sustained by the Plaintiffs herein.

81.     That the Plaintiffs and the Defendants were in such a direct relationship with each other so as to cause the Plaintiffs to rely upon the Defendants and/or the Defendants induced the Plaintiffs to rely upon the Defendants.

82.     That by reason of the foregoing, Plaintiff, Alfredo Cotto was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, along with legal fees, costs and disbursement.

83.     That by reason of the foregoing, Plaintiff, William Pager and Law Offices of William Pager were damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS along with legal fees, costs and disbursements.

## DEMAND FOR JURY TRIAL

84.     Plaintiff respectfully demands a trial by jury on all claims in this action.

WHEREFORE, Plaintiff AFLREDO COTTO demands judgment against the Defendants in the each Cause of Actions in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the legal fees, costs and disbursements on each cause of action, in this action; and Plaintiffs William Pager and Law Offices of William Pager demand judgment against the Defendants in each Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the legal fees, costs and disbursements on each cause of action, in this action

Dated: Brooklyn, New York
       JULY 12, 2019

Yours, etc.

Law Offices of William Pager
Attorneys for Plaintiff(s)
ALFREDO COTTO
WILLIAM PAGER AND LAW OFFICES OF
WILLIAM PAGER
203-205 Kings Highway
Brooklyn, New York 11223
williampager@hotmail.com
williampager@pagerlaw.com
718-998-1010
Our File No. 3187LB

DONNELLY, J.

POLLAK, M.J.

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 14 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

TRUSTEES OF THE 1199SEIU
NATIONAL BENEFIT FUND FOR
HEALTH AND HUMAN SERVICE EMPLOYEES,

CV_18-7123

Plaintiff,

-against-

COMPLAINT

ALFRED COTTO, LAW OFFICE OF WILLIAM
PAGER, SOL SOKEL, ESQ., and
WILLIAM PAGER, ESQ.,

Defendants.

--------------------------------------------------------x

Plaintiff, the Trustees of the 1199SEIU National Benefit Fund for Health and Human

Service Employees (the "Fund" or "Plaintiff"), pleads as follows:

1.     This action seeks the creation of an equitable constructive trust, and a

declaration of rights and other equitable relief pursuant to the terms of the Fund's Plan of

benefits and under the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. § 1001 *et. seq.*

## PARTIES

2.     Plaintiff is a fiduciary of the Fund and, as such, is entitled to bring this action

pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Fund is a multi-employer trust

fund established in accordance with Section 186(c) of the Labor Management Relations Act

of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a

Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of

the Internal Revenue Code.

3.     The Fund is not an insurance company and is not subject to New York State Insurance law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants health and related benefit coverage, such as hospitalization, medical and prescription drug coverage. The Fund is a nonprofit tax-exempt organization administered by a joint Board of Trustees made up of an equal number of union and employer appointed trustees.

4.     The Fund provides coverage in accordance with a written Summary Plan Description ("SPD"). The policy choices of the Fund are set forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms, in the SPD, which is distributed to all participants upon enrollment in the Fund.

5.     As a multi-employer trust, the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.

6.     Defendants Alfred Cotto, Law Office of William Pager, Sol Sokel, Esq. and William Pager, Esq. are a beneficiary, and counsel for a beneficiary of the Fund who received medical care paid for by the Fund as a result of a vehicular accident.

7.     As a result of Mr. Cotto's injuries, through his counsel, he commenced a personal injury action against the responsible parties entitled Cotto v. Yelsi Yunir Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease of Philadelphia, Ean Holdings LLC, Penrac, LLC and Enterprise Holdings, Inc., Index No. 515803/2015, NY State Supreme Court, Kings County

(the "Personal Injury Action.")

8.     The Personal Injury Action settled or is in the process of settling for an amount in excess of $24,000.

9.  The Union is a labor union representing hundreds of thousands of health care workers throughout the northeast. As a beneficiary receiving benefits from the Fund's plan of benefits, Defendant Alfred Cotto is subject to the terms of the Fund's SPD. Upon information and belief, Defendant Alfred Cotto is a resident of the City of New York.

10.     Defendants Law Office of William Pager, Sol Sokol, Esq. and William Pager Esq. are located in/residents of Brooklyn, New York.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to its general equity jurisdiction because this action for equitable restitution and the creation of a constructive trust and other equitable relief is in equity.

12.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132 because this action to enforce provisions of the Fund's Summary Plan Description and Plan arises under ERISA.

13.     Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court, as Defendants reside/are located in Brooklyn, New York and the Personal Injury Action is being prosecuted there.

## FACTUAL ALLEGATIONS

14.     Upon information and belief, Defendant Alfred Cotto was injured in a vehicular accident on or about September 20, 2015 (the "Accident.") In connection with the

3

injuries suffered by Mr. Cotto as a result of the Accident, the Fund paid hospital, medical,

laboratory and and/or x-ray benefits on behalf of Mr. Cotto in the amount of $38,262.19.

15.     Defendants Alfred Cotto, Law Office of William Pager, Sol Sokel, Esq. and

William Pager, Esq have failed and refused to acknowledge the Fund's lien or make

arrangement to pay it and have filed Motion in the Personal Injury Action in an to attempt

to extinguish the Fund's lien and entitlement to payment before the New York State

Supreme Court, Kings County.

16.     Under the terms of the Plan, the Fund is entitled to equitable restitution of

the $38,262.19 it paid in connection with the Accident.

17.     The Plan during the relevant period contained a reimbursement and right of

recovery provision, which states in relevant part:

(SPD, Section I.G, 2015 (attached to Weekley Decl. as Exhibit A).

### SECTION I. G
### WHEN OTHERS ARE RESPONSIBLE FOR YOUR ILLNESS OR INJURY

If someone else is responsible for your illness or injury, for example because of an

accident or medical malpractice, you may be able to recover money from that

person or entity, his or her insurance company, an uninsured motorist fund, no-fault

insurance carrier or Workers' Compensation insurance carrier. Expenses such as

disability, hospital, medical, prescription or other services resulting from such an

illness or injury caused by the conduct of a third party are not covered by this Plan.

However, the Plan Administrator recognizes that often the responsibility for injuries

or illness is disputed. Therefore, in certain cases, as a service to you and if you

4

follow the required procedures, the Benefit Fund may advance benefit payments to you, or on your behalf, before the dispute is resolved. You must notify the Benefit Fund of any accident or injury for which someone else may be responsible. Further, the Benefit Fund must be notified of initiation of any lawsuit arising out of the accident or incident. You are required to provide the Benefit Fund with any and all information and to execute and deliver all necessary documents, including a fully completed Accident Questionnaire, as the Plan Administrator may require to enforce the Benefit Fund's rights.

When another party is responsible for an illness or injury, the Plan Administrator has the right to recovery and reimbursement of the full amount it has paid or will pay for expenses related to any claims that you may have against any person or entity as a result of the illness or injury. By accepting the Benefit Fund's health benefits in payment for such expenses, you are assigning your rights in any recovery to the Benefit Fund, and you are agreeing to hold such proceeds in trust for the Benefit Fund and to repay the Benefit Fund from those proceeds immediately, as soon as you receive them, up to the amount of the payments that the Benefit Fund advanced to you or on your behalf. This means that the Benefit Fund has an equitable lien by agreement on the proceeds of any verdict or settlement reached in a lawsuit that you bring against someone for causing the illness or injury, up to the amount the Benefit Fund has paid for costs arising from that person's actions. This also means the Benefit Fund has an independent right to bring a lawsuit in connection with such an injury or illness in your name and also has a right to intervene in any such action brought by you.

If you receive payments from or on behalf of the party responsible for an illness or injury, you agree that the Benefit Fund must be repaid immediately, up to the amount of the payments that the Benefit Fund advanced to you or on your behalf. The Benefit Fund's right to recover its advanced benefit payments comes before you can recover any payments you may have made. You must repay the Benefit Fund regardless of whether the total amount of the recovery is less than the actual loss and even if the party does not admit responsibility, itemize the payments or identify payments as medical expenses. You cannot reduce the amount of the Benefit Fund's payments to pay for attorneys' fees incurred to obtain payments from the responsible party. The Benefit Fund's rights provide the Benefit Fund with first priority to any and all recovery in connection with the injury or illness. The Benefit Fund has these rights without regard to whether you have been "made-whole." Once the Benefit Fund learns that another party may be responsible, you must sign a Lien Acknowledgment affirming the Benefit Fund's rights with respect to benefit payments and claims. If the Benefit Fund has advanced benefit payments to you and you fail or refuse to sign a Lien Acknowledgment or to comply with these terms, or dispute the Fund's entitlement to a lien, the Plan Administrator may suspend your eligibility for benefits or bring a court action against you to enforce the terms of the Plan.

In the event you comply with the Fund's terms and acknowledge the Fund's rights, but you dispute the Fund's Lien Determination, in whole or in part, you may request an Administrative Review of the Lien Determination by writing to the Liens Department, provided that any proceeds you receive from a settlement, verdict or

6

agreement for compensation from or on behalf of the party responsible for the illness or injury, up to the amount of the lien, are not disbursed for the duration of the appeal. The Fund will notify you in writing of the appeal decision and rationale within 30 days of receipt of the written appeal. If the Administrative Review results in a denial of your appeal, you have the right to request a final Administrative Review by the Chief Benefits Officer or his or her designee in writing no later than 60 days after the receipt of the appeal denial. If your appeal is denied by the Chief Benefits Officer or his or her designee, you have the right to file a suit under the Employee Retirement Income Security Act of 1974 ("ERISA") only in a federal court in New York City.

**WHEN MOTOR VEHICLE
OR NO-FAULT INSURANCE PROVIDES COVERAGE**

This provision is expressly intended to avoid the possibility that this Plan will be primary to coverage that is available under motor vehicle or no-fault insurance.

This Plan is secondary to:

Coverage provided under any "no-fault" provision of any motor vehicle insurance statute or similar statute; and

Coverage provided under motor vehicle insurance, which provides for health insurance protection, even if you (your spouse or your covered children) select coverage under the motor vehicle insurance as secondary.

However, the Benefit Fund will be the primary payer for Disability Benefits, which will be paid at the statutory disability rate.

7

In the event that the Benefit Fund pays benefits that should have been paid by the no-fault insurer, you are obligated to reimburse the Benefit Fund for the amount advanced on your behalf from any monetary recovery from any person or entity responsible for the injury or illness

**WHEN MOTOR VEHICLE
OR NO-FAULT INSURANCE
DENIES COVERAGE**

Before the Benefit Fund will provide benefits, you must exhaust all of your benefits under your no-fault insurance.

If the no-fault insurer denies your claim for benefits, you are required to appeal this denial to your no-fault carrier. You must provide proof to the Benefit Fund that you have exhausted the no-fault appeals process before the Benefit Fund will consider payment in accordance with its Schedule of Fees and Allowances.

18.     Pursuant to the Fund's Plan, the Fund has an equitable lien and right to equitable restitution from the settlement proceeds of the medical benefits payments it advanced on behalf of Mr. Cotto.

19.     The SPD for the Fund states that though expenses incurred by a participant or beneficiary as a result of a third party are not covered benefits, the Fund's payments of those expenses while a dispute is pending are only advances that must be returned to the Fund and states further that the Fund must be reimbursed from any proceeds of any verdict or settlement reached in a lawsuit that is brought by the participant against

8

someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions.

20.    No prior application has been made for the relief requested herein.

### ENFORCEMENT OF THE TERMS OF THE PLAN

21.    Plaintiff alleges paragraphs 1 through 21 as if stated herein.

22.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff seeks relief, including, but not limited to, an order of constructive trust, an accounting of the proceeds of the settlement up to the amount of the Plaintiff's lien, and equitable restitution, or such other remedy as may be necessary to enforce ERISA and the terms of the Plan.

23.    Pursuant to 28 U.S.C. § 2201, this Court should interpret and enforce the terms of the Plan by declaring the Fund's right to have its lien enforced under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

24.    Plaintiff alleges paragraphs 1 through 24 as if stated herein.

25.    Pursuant to Fed. R. Civ. P. 65, ERISA Section 502(a)(3) and the All Writs Act, 28 U.S.C. Sec. 1651(a), upon notice and hearing, Plaintiff is entitled to a temporary restraining order and a preliminary injunction enjoining Defendants, and all those acting in concert or participating with them, from continuing to violate the terms of the Plan and from doing so in the future, including disposing, releasing or disbursing of any amounts received in relation to the settlement concerning the Accident and from continuing efforts

in State Court to extinguish the lien, and the State Court from continuing proceedings with respect to the Fund's lien.

26.    Plaintiff has no adequate remedy at law.

27.    Absent intervention by the Court, Plaintiff will suffer immediate and irreparable harm. If Defendants are able to place any recovery from the lawsuit, action, judgment or settlement beyond the reach of this Court, then Defendants may deprive the Court of the ability to impose any meaningful remedy in favor of the Fund.

28.    The Plaintiff is likely to succeed in its claim that the Fund must be reimbursed for the amounts it has paid attributable to the Accident out of the proceeds of any recovery in the lawsuit, judgment or settlement. At a minimum, the balance of hardships tips decidedly toward Plaintiff, because the Plaintiff already advanced over thirty thousand dollars of benefits to Defendant's descendent. Defendant is merely being asked to maintain the status quo pending this Court's adjudication on the lien.

29.    The grant of the requested relief will not result in harm to the Defendants.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter an order:

A.    Granting a temporary restraining order and preliminary injunction enjoining Defendants, and pursuant to Fed. R. Civ. P. 65(d), their agents and all those acting in concert or participating with them from dispensing of the settlement funds recovered in the underlying case up to the amount of the Fund's lien and from violating the terms of the Plan and ERISA; pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and MidAtlantic Services v. Sereboff, 547 U.S. 356, 126 S. Ct. 1869 (2006) and its progeny, directing each of the

Defendants to account for the proceeds received from the settlement of the Personal Injury Action and directing Defendants the Law Office of William Pager, Sol Sokol, Esq. and William Pager, Esq. to hold proceeds from the Personal Injury Action in trust, up to the amount of $38,262.19, until this Court rules on the merits of the instant Complaint. In the alternative, if Defendants have already received and disbursed the funds, Plaintiff is requesting from the Court relief, including, but not limited to, an accounting and a temporary restraining order and a preliminary injunction ordering Defendant Alfred Cotto to retain and set aside up to $38,262.19 of the recovery in a separate account until this Court rules on the merits of the instant Complaint.

B.    Granting a temporary restraining order and preliminary injunction enjoining Defendants from continuing to seek extinguishment of the Fund's lien in the Personal Injury Action and, pursuant to the All Writs Act, 28 U.S.C. Sec. 1651(a), enjoining the State Court from further proceedings with respect to the lien;

C.    For the imposition of a constructive trust, specific performance, restitution and such other relief as may be appropriate against all Defendants to assure that the Fund is reimbursed for any and all amounts it paid in connection with medical related services rendered as a result of the Accident out of any recovery, whether by settlement with, or receipt of a court award against, a third party in a any action or lawsuit;

D.    Declaring the Fund's rights under the Plan Third Party Liability provisions in accordance with ERISA and the terms of the Plan;

E.    Awarding Plaintiff's attorneys' fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1); and

F.     Granting such other and further relief as the Court may deem just and proper

under the circumstances.


DATED:        December 14, 2018

                                         1199SEIU National Benefit Fund
                                         for Health and Human Service Employees

                              By:        _Jennifer D. Weekley_

                                         Jennifer D. Weekley
                                         Assistant General Counsel
                                         1199SEIU National Benefit Fund
                                         330 West 42nd Street, 31st Floor
                                         New York, NY 10036
                                         p (646) 473-6042
                                         f (646) 473-6049

                                         Attorney for Plaintiff

# CV-19-4089

**JS 44** (Rev. 1/2013)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
ALFREDO COTTO

**KUNTZ, J.**

### DEFENDANTS
Trustees of The 1199SEIU National Benefit Fund For Health and Human Service Employees et. al.

**(b)** County of Residence of First Listed Plaintiff    Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**TISCIONE, M.J.**

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of William Pager, 205 Kings Highway, Brooklyn, NY 11223

**SUMMONS ISSUED**

Attorneys *(If Known)*
Jenifer Weekley
330 W. 42nd Street, 31st Floor
New York, NY 10036, +1 (646) 473-6042

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question  *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
JUL 16 2019
BROOKLYN OFFICE

### V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
Defendants failed to bill for medical services properly, under New York State insurance Law.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Magistrate Judge Cheryl L. Pollak
DOCKET NUMBER CV 18-7123

DATE  7/15/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

465314 1779

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, William Pager                      , counsel for Alfredo Cotto            , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [X]  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

- [ ]  the complaint seeks injunctive relief,

- [ ]  the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)   Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No

2.)   If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes

If your answer to question 2 (b) is "No", does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
[X]  Yes                    [ ]  No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
[ ]  Yes    (If yes, please explain)    [X]  No

I certify the accuracy of all information provided above.

Signature:_____