UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF THE 1199SEIU
NATIONAL BENEFIT FUND FOR
HEALTH AND HUMAN SERVICE EMPLOYEES,

                Plaintiff,

-against-

ALFRED COTTO, LAW OFFICE OF WILLIAM
PAGER, SOL SOKEL, ESQ., and
WILLIAM PAGER, ESQ.,

                Defendants.
-----------------------------------------------------------------X

18 CV 07123 (AMD) CLP

DEFENDANTS STATEMENT
PURSUANT TO FED. RULE
CIV. PRO. 56.1

Defendants Alfred Cotto, Law Offices of William Pager, and William Pager, hereby respond and submit the within counter-statement of material facts, pursuant to Rule 56.1 of the Civil Rules for the Eastern and Southern District of New York in response to the Plaintiff, the Trustees of the 1199SEIU National Benefit Fund for Health and Human Service Employees (the "Fund" or "Plaintiff"):

1. **This action seeks the creation of an equitable constructive trust, and a declaration of rights and other equitable relief to enjoin Defendants' violation of and enforce the terms of the plan pursuant to the terms of the Fund's Plan of benefits and under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et. seq.* (Complaint Para. 1; Ans. Para. 1; Aff. Hugo Spindola, Director of Operations, 1199SEIU National Benefit Fund ("Spindola Aff.")– to be submitted with moving papers.)**

Agree that the Plaintiffs brought this action which seeks the creation of an equitable constructive trust, and a declaration of rights and other equitable relief to enjoin Defendants' violation of and enforce the terms of the plan pursuant to the terms of the Fund's Plan of benefits and under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

The Defendants deny that the Plaintiffs are entitled to the relief sought.

## PARTIES

2. **Plaintiff is a fiduciary of the Fund and, as such, is entitled to bring this action pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Fund is a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code. (Complaint Para. 2; Ans. Para.1; Spindola Aff. )**

Agree that Plaintiff may be a fiduciary of the Fund and, as such, claims to be entitled to bring this action pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The defendants do not dispute that Fund may be a multi-employer trust fund established in accordance with Section 186(c) of the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of the Internal Revenue Code.

3. **The Fund is not an insurance company and is not subject to New York State Insurance law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants health and related benefit coverage, such as hospitalization, medical and prescription drug coverage. The Fund is a nonprofit tax-exempt organization administered by a joint Board of Trustees made up of an equal number of union and employer appointed trustees. (Compl. Para 3, Ans. Para. 1; Compl. Cotto v. NYU Langone, et al., Case No. CV 19-4089 EDNY Para. 14-15 (Copy Attached as Exhibit A); Spindola Aff.)**

The defendants have no knowledge whether Fund is or is not considered an insurance company and whether they are or are not not subject to New York State Insurance law;

4. **The Fund provides coverage in accordance with a written Summary Plan Description ("SPD"). The policy choices of the Fund are set forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms, in the SPD, which is distributed to all participants upon enrollment in the Fund. (Compl. Para. 4; Ans. Para. 1; Spindola Aff.)**

The defendants have no knowledge whether Fund provides coverage in accordance with a written Summary Plan Description ("SPD"). The defendants have no knowledge whether policy choices of the Fund are properly set forth or are applicable in any way herein.

5. **As a multi-employer trust, the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.(Compl. Para. 5; Ans. Para. 1; Spindola Aff.).**

3

The defendants have no knowledge whether the Fund is a multi-employer trust, or whether the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.

6. **Defendants Alfred Cotto, Law Office of William Pager and William Pager, Esq. are a beneficiary, and counsel for a beneficiary of the Fund who received medical care paid for by the Fund as a result of a vehicular accident. (Compl. Cotto v. NYU Langone, et al. Case No. CV 19-4089 EDNY Para. 63)**

The defendants dispute that defendants Alfred Cotto, Law Office of William Pager and William Pager, Esq. were and may be considered a "beneficiary". The defendants agree that Law Offices of William Pager were counsel for Alfredo Cotto in the action commenced in Supreme Court, Kings County, which ensued from an automobile accident. The defendants further agree that Alfredo Cotto received certain medical care, which had been, apparently, erroneously and improperly paid for by the Fund following Cotto's vehicular accident. (Compl. Cotto v. NYU Langone, et al. Case No. CV 19-4089 EDNY Para. 63)

7. **Defendant Sol Sokel was voluntarily dismissed from this action because he is no longer associated with Defendant Law Office of William Pager.(Comp. Para. 7; Ans. Para. 5).**

Agree that Defendant Sol Sokel was voluntarily dismissed from this action because he is no longer associated with Defendant Law Office of William Pager.(Comp. Para. 7; Ans. Para. 5).

8. **As a result of Mr. Cotto's injuries, through his counsel. he commenced a personal injury action against the responsible parties entitled <u>Cotto v. Yelsi Yunir Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease of Philadelphia, Ean Holdings LLC, Penrac, LLC and Enterprise Holdings, Inc.</u>, Index No. 515803/2015, NY State Supreme Court, Kings County (the "Personal Injury Action").(Comp. Para. 7; Ans. Para. 5)**

The defendants agree that as a result of Mr. Cotto's injuries, through his counsel, he commenced a personal injury action against the responsible parties entitled <u>Cotto v. Yelsi Yunir Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease of Philadelphia, Ean Holdings LLC, Penrac, LLC and Enterprise Holdings, Inc.</u>, Index No. 515803/2015, NY State Supreme Court, Kings County (the "Personal Injury Action").(Comp. Para. 7; Ans. Para. 5)

9. **A settlement offer has been tendered in the Personal Injury Action for an amount in excess of $24,000. (Compl. Para. 8; Ans. Para. 1)**

Disagree. The underlying action in Supreme Court Kings County has been marked settled and disposed for the amount of $25,000.00. The defendants Cotto and Law Offices of William Pager have not received any of the settlement funds.

10. **The Union is a labor union representing hundreds of thousands of health care workers throughout the northeast. As a beneficiary receiving benefits from the Fund's plan of benefits, Defendant Alfred Cotto is subject to the terms of the Fund's SPD. Upon information and belief, Defendant Alfred Cotto is a resident of the City of New York. (Comp. Para. 9; Ans. Para. 5; Spindola Aff.**

The defendants have no knowledge whether Union is a labor union representing hundreds of thousands of health care workers throughout the northeast. The defendants disagree and dispute that "as a beneficiary receiving benefits from the Fund's plan of benefits, Defendant Alfred Cotto is subject to the terms of the Fund's SPD".

11. **Defendants Law Office of William Pager, Sol Sokol, Esq. and William Pager, Esq. are located in/residents of Brooklyn, New York. (Comp. Para. 10; Ans. Para. 3; Complaint in Cotto v. NYU, et al. at Para. 11 to 13.)**

Agree that defendants Law Office of William Pager, and William Pager, Esq. are located in/residents of Brooklyn, New York.

## VENUE

12. **Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court, as Defendants reside/are located in Brooklyn, New York and the Personal Injury Action is being prosecuted there. (Complaint Para. 14; Ans.).**

Agree that pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court, as Defendants reside/are located in Brooklyn, New York and the Personal Injury Action is being prosecuted there.

## FACTUAL ALLEGATIONS

13. **Upon information and belief, Defendant Alfred Cotto was injured in a vehicular accident on or about September 20, 2015 (the "Accident.") In connection with the injuries suffered by Mr. Cotto as a result of the Accident, the Fund paid hospital, medical, laboratory and and/or x-ray benefits on behalf of Mr. Cotto in the amount**

of $38,262.19. (Compl. Para. 14; Comp. Cotto v. NYU, et al. Para. 39; Spindola Aff.).

The defendants agree that Defendant Alfred Cotto was injured in a vehicular accident on or about September 20, 2015 (the "Accident.") The defendants do not dispute that in connection with the injuries suffered by Mr. Cotto as a result of the Accident, the Fund paid various hospital, medical, laboratory and and/or x-ray benefits on behalf of Mr. Cotto in the amount which they claim to total $38,262.19. The defendants further contend that the Fund had paid these various bills in error, since Alfredo Cotto was covered with applicable medical insurance coverage under the No Fault provisions of the State of New York.

14. **Defendants Alfred Cotto, Law Office of William Pager, Sol Sokel, Esq. and William Pager, Esq have failed and refused to acknowledge the Fund's lien or make arrangement to pay it and have filed Motion in the Personal Injury Action in an to attempt to extinguish the Fund's lien and entitlement to payment before the New York State Supreme Court, Kings County in <u>Cotto v. Yelsi Yunir Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease of Phildelphia, Ean Holdings LLC, Penrac, LLC and Enterprise Holdings, Inc.</u>, Index No. 515803/2015. (Compl. Para. 15; Compl. Cotto v. NYU, et al. <u>passim</u>; Spindola Aff.)**

The Defendants Alfred Cotto, Law Office of William Pager, and William Pager, Esq disagree with the Plaintiffs formulation. Rather, the defendants contend that the lien asserted herein had been created wrongfully, that the Plaintiff should not have paid any of the medical bills, under their own rules, and that all of the medical bills should have been timely submitted to

7

Allstate Insurance Company, and they would have been paid under the No Fault statutes of Insurance law of the State of New York.

The Plaintiffs failed to rule out the availability of insurance coverage, and they failed to ensure that there was no available No Fault Insurance coverage, as they were obligated to do.

15. **In addition, the Defendants have filed an action against the Fund in federal court seeking to avoid payment the lien. That action is entitled <u>Alfredo Cotto. v. NYU Langone Hospitals, NYU Langone Health Systems, NYU Langone Medical Center, NYU Langone Orthopedic, Hank Ross Medical P.C. , Allstate Insurance Company, and Trustees of the 1199SEIU National Benefit Fund.</u> (Copy attached as Exhibit A).**

The Defendants disagree with the Plaintiffs formulation, but admit that the Defendants have filed an action against the Fund in federal court seeking, inter alia, to vacate the improper assertion of lien by the Plaintiffs herein. That action is entitled <u>Alfredo Cotto. v. NYU Langone Hospitals, NYU Langone Health Systems, NYU Langone Medical Center, NYU Langone Orthopedic, Hank Ross Medical P.C. , Allstate Insurance Company, and Trustees of the 1199SEIU National Benefit Fund</u>. (See Complaint and the motion filed by NYU Langone, in the related matter)

16. **Under the terms of the Plan, the Fund is entitled to equitable restitution of the $38,262.19 it paid in connection with the Accident. (Comp. Para. 16; Spindola Aff. ).**

Disagree that the Fund is entitled to equitable restitution of the $38,262.19 it paid in connection with the Accident.

17. The Plan during the relevant period contained a reimbursement and right of

   recovery provision, which states in relevant part:

(SPD, Section I.G)

## SECTION I. G

## WHEN OTHERS ARE RESPONSIBLE FOR YOUR ILLNESS OR INJURY

If someone else is responsible for your illness or injury, for example because of an accident or medical malpractice, you may be able to recover money from that person or entity, his or her insurance company, an uninsured motorist fund, no-fault insurance carrier or Workers' Compensation insurance carrier. Expenses such as disability, hospital, medical, prescription or other services resulting from such an illness or injury caused by the conduct of a third party are not covered by this Plan.

However, the Plan Administrator recognizes that often the responsibility for injuries or illness is disputed. Therefore, in certain cases, as a service to you and if you follow the required procedures, the Benefit Fund may advance benefit payments to you, or on your behalf, before the dispute is resolved. You must notify the Benefit Fund of any accident or injury for which someone else may be responsible. Further, the Benefit Fund must be notified of initiation of any lawsuit arising out of the accident or incident. You are required to provide the Benefit Fund with any and all information and to execute and deliver all necessary documents, including a fully completed Accident Questionnaire, as the Plan Administrator may require to enforce the Benefit Fund's rights.

When another party is responsible for an illness or injury, the Plan Administrator has the right to recovery and reimbursement of the full amount it has paid or will pay for expenses related to any claims that you may have against any person or entity as a result of the illness or injury. By accepting the Benefit Fund's health benefits in payment for such expenses, you are assigning your rights in any recovery to the Benefit Fund, and you are agreeing to hold such proceeds in trust for the Benefit Fund and to repay the Benefit Fund from those proceeds immediately, as soon as you receive them, up to the amount of the payments that the Benefit Fund advanced to you or on your behalf. This means that the Benefit Fund has an equitable lien by agreement on the proceeds of any verdict or settlement reached in a lawsuit that you bring against someone for causing the illness or injury, up to the amount the Benefit Fund has paid for costs arising from that person's actions. This also means the Benefit Fund has an independent right to bring a lawsuit in connection with such an injury or illness in your name and also has a right to intervene in any such action brought by you.

If you receive payments from or on behalf of the party responsible for an illness or injury, you agree that the Benefit Fund must be repaid immediately, up to the amount of the payments that the Benefit Fund advanced to you or on your

behalf. The Benefit Fund's right to recover its advanced benefit payments comes before you can recover any payments you may have made. You must repay the Benefit Fund regardless of whether the total amount of the recovery is less than the actual loss and even if the party does not admit responsibility, itemize the payments or identify payments as medical expenses. You cannot reduce the amount of the Benefit Fund's payments to pay for attorneys' fees incurred to obtain payments from the responsible party. The Benefit Fund's rights provide the Benefit Fund with first priority to any and all recovery in connection with the injury or illness. The Benefit Fund has these rights without regard to whether you have been "made-whole."

Once the Benefit Fund learns that another party may be responsible, you must sign a Lien Acknowledgment affirming the Benefit Fund's rights with respect to benefit payments and claims. If the Benefit Fund has advanced benefit payments to you and you fail or refuse to sign a Lien Acknowledgment or to comply with these terms, or dispute the Fund's entitlement to a lien, the Plan Administrator may suspend your eligibility for benefits or bring a court action against you to enforce the terms of the Plan.

In the event you comply with the Fund's terms and acknowledge the Fund's rights, but you dispute the Fund's Lien Determination, in whole or in part, you may request an Administrative Review of the Lien Determination by writing to the Liens Department, provided that any proceeds you receive from a settlement, verdict or agreement for compensation from or on behalf of the party responsible for the illness or injury, up to the amount of the lien, are not disbursed for the duration of the appeal. The Fund will notify you in writing of the appeal decision and rationale within 30 days of receipt of the written appeal. If the Administrative Review results in a denial of your appeal, you have the right to request a final Administrative Review by the Chief Benefits Officer or his or her designee in writing no later than 60 days after the receipt of the appeal denial. If your appeal is denied by the Chief Benefits Officer or his or her designee, you have the right to file a suit under the Employee Retirement Income Security Act of 1974 ("ERISA") only in a federal court in New York City.

## WHEN MOTOR VEHICLE OR NO-FAULT INSURANCE PROVIDES COVERAGE

This provision is expressly intended to avoid the possibility that this Plan will be primary to coverage that is available under motor vehicle or no-fault insurance.

This Plan is secondary to:

Coverage provided under any "no-fault" provision of any motor vehicle insurance statute or similar statute; and

Coverage provided under motor vehicle insurance, which provides for health insurance protection, even if you (your spouse or your covered children) select coverage under the motor vehicle insurance as secondary.

However, the Benefit Fund will be the primary payer for Disability Benefits, which will be paid at the statutory disability rate.

> In the event that the Benefit Fund pays benefits that should have been paid by the no-fault insurer, you are obligated to reimburse the Benefit Fund for the amount advanced on your behalf from any monetary recovery from any person or entity responsible for the injury or illness

> **WHEN MOTOR VEHICLE**
> **OR NO-FAULT INSURANCE**
> **DENIES COVERAGE**
>
> Before the Benefit Fund will provide benefits, you must exhaust all of your benefits under your no-fault insurance.
>
> If the no-fault insurer denies your claim for benefits, you are required to appeal this denial to your no-fault carrier. You must provide proof to the Benefit Fund that you have exhausted the no-fault appeals process before the Benefit Fund will consider payment in accordance with its Schedule of Fees and Allowances.

**(Complaint Para. 17; Ans. Para. 2; Spindola Aff.)**

The Defendants dispute the application of the plaintiff's listed provision to the individuals, the facts and circumstances herein, and the defendants have no knowledge whether the Plan during the relevant period contained a reimbursement and right of recovery provision.

Additionally, the Defendants contend that the Plaintiffs Fund failed to meet their obligations and follow their own rules, under their Plan, under the law and under these circumstances and they failed to mitigate their damages. Inter alia, the Fund failed to ensure/confirm that the medical bills had been properly submitted to the appropriate insurance carrier, under the No Fault provisions of Insurance Law and the Fund failed to confirm that the No Fault benefits had been exhausted, prior to paying any medical bills.

18. **Pursuant to the terms and operation of the Fund's Plan, the Fund has an equitable lien and right to equitable restitution from the settlement proceeds of the medical benefits payments it advanced on behalf of Mr. Cotto. (Compl. 18; Ans. Para. 1; Spindola Aff.)**

11

The defendants disagree and dispute the plaintiffs claim that pursuant to the terms and operation of the Fund's Plan, the Fund has an equitable lien and right to equitable restitution from the settlement proceeds of the medical benefits payments it advanced on behalf of Mr. Cotto.

19. **The SPD for the Fund states that though expenses incurred by a participant or beneficiary as a result of a third party are not covered benefits, the Fund's payments of those expenses while a dispute is pending are only advances that must be returned to the Fund and states further that the Fund must be reimbursed from any proceeds of any verdict or settlement reached in a lawsuit that is brought by the participant against someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions.(Complaint Para. 19; Ans. Para. 6; Spindola Aff.).**

The defendants disagree with and dispute the plaintiff's position. The Defendants contend that the Plaintiffs Fund failed to meet their obligations and failed to follow their own rules, under their Plan, under the law and under these circumstances and they failed to mitigate their damages. Inter alia, the Fund failed to ensure/confirm that the medical bills had been properly submitted to the appropriate insurance carrier, under the No Fault provisions of Insurance Law and the Fund failed to confirm that the No Fault benefits had been exhausted, prior to paying any medical bills.

20. **Cotto and his counsel never appealed to the Fund's Board of Trustees any objections to the Fund's assertion of its lien in the amount of $ $38,262 as required by the SPD. (Spindola Aff.)**

Defendants agree that neither Cotto nor his counsel had appealed to the Fund's Board of Trustees with any objections to the Fund's assertion of its lien in the amount of $ $38,262 as required by the SPD. Defendants contend that the defendants were not on notice of any obligation to do so, and that the Defendants were not obligated to do so.

**21.     The Plan during the relevant period contained a mechanism for disputing the Fund's Lien Determination which states in relevant part (SPD, Section I.G):**

> **In the event you comply with the Fund's terms and acknowledge the Fund's rights but you dispute the Fund's Lien Determination, in whole or in part, you may request an Administrative Review of the Lien Determination by writing to the Liens Department, provided that any proceeds you receive from a settlement, verdict or agreement for compensation from or on behalf of the party responsible for the illness or injury, up to the amount of the lien, are not disbursed for the duration of the appeal. The Fund will notify you in wriing of the appeal decision and rationale within 30 days of receipt of the written appeal. If the Administrative Review results in a denial of your appeal, you have the right to request a final Administrative Review by the Chief Benefits Officer or his or her designee in writing no later than 60 days after the receipt of the appeal denial If. . . denied . . . you have the right to file a suit under the Employee Retirement Income Security Act of 1974 ("ERISA") only in a federal court in New York City.**

**(SPD) (Spindola Aff.).**

The defendants have no knowledge whether Plan during the relevant period contained a mechanism for disputing the Fund's Lien Determination which states in relevant part (SPD, Section I.G) and the defendants dispute any claim that they were obligated to follow this avenue.

**22.     The Fund was never informed of the existence of no fault of other insurance coverage before Defendant Cotto accepted the benefit of Fund payment (Spindola Aff/Affidvit of Richard Fabio, Director of Claims at the Fund (Fabio Aff)**

The defendants dispute and deny this formulation. In fact, the Fund was obligated under its own rules to rule out the existence of No Fault insurance coverage.

**23.     Defendant Cotto was sent an Explanation of Benefits for each Fund payment on account of the Accident, promptly, within approximately 30 days after each payment was**

**made.**

The defendants deny and dispute this formulation. Moreover, the Fund failed to address or notify Cotto's counsel.

**24.     The Fund's claim forms require providers, participants and beneficiaries to inform on any claim for benefits of the existence of other insurance or no-fault coverage or that the injuries resulted from an accident. Defendants and providers failed to so inform the Fund in this case.**

The defendants dispute and deny this formulation. The defendants contend that the Plaintiffs Fund failed to meet their obligations and failed to follow their own rules, under their Plan, under the law and under these circumstances and they failed to mitigate their damages. The Fund was on notice that the medical bills were generated after medical treatment, following an automobile accident. Therefore, the Fund was on notice that No Fault coverage was, or should have been available to pay for the medical treatment. The Fund failed to ensure that No Fault coverage was exhausted, or had been unavailable. Inter alia, the Fund failed to ensure/confirm that the medical bills had been properly submitted to the appropriate insurance carrier, under the No Fault provisions of Insurance Law and the Fund failed to confirm that the No Fault benefits had been exhausted, or otherwise unavailable, prior to paying any medical bills.

## DEFENDANTS COUNTER STATEMENT OF MATERIAL FACTS

1.      That on September 20, 2015 **ALFREDO COTTO** was involved in the motor vehicle accident, which took place at intersection of Atlantic Avenue and Autumn Avenue, County of Kings, State of New York and he sustained serious multiple injuries.

2.      Alfredo Cotto had retained the services of attorney William Pager and Law Offices of William Pager for the purpose of commencing a legal action in Court, and for collecting compensation for personal injuries sustained by Alfredo Cotto in the above described accident.

3. That William Pager and the Law offices of William Pager had commenced an action in Supreme Court, Kings County on behalf of Alfredo Cotto.

4. ALFREDO COTTO sought medical treatment and related services from physician HANK ROSS MEDICAL P.C. and NYU LANGONE HOSPITAL as a result of the injuries he sustained in the above automobile accident. On or about November 4, 2015 Plaintiff AFLREDO COTTO received initial medical consultation and a recommendation for the right shoulder surgery from HANK ROSS MEDICAL P.C.

5. On December 4, 2015 ALFREDO COTTO was scheduled for, and had, eventually, undergone right shoulder surgery in NYU Langone Orthopedic Hospital a/k/a NYU Hospitals Center performed by HANK ROSS MEDICAL P.C., and its principal Dr. Hank Ross, which surgery was necessitated by and was a result of the injuries sustained by Plaintiff in the aforesaid motor vehicle accident.

6. That at all relevant times herein, every automobile insurance policy in New York State provides for the payment of first-party benefits, also known as No-fault benefits, of up to $50,000 for "basic economic loss" for covered persons injured in car accidents pursuant to Insurance Law of the State of New York.

7. At all relevant times, Alfredo Cotto was covered by No Fault Insurance coverage with Allstate Insurance Company, and Allstate Insurance Company was obligated to pay all of the medical bills which were incurred as a result of this auto accident.

8. That the aforementioned medical providers NYU Langone, Hank Ross and Hank Ross Medical P.C., etal., had not properly and timely submitted their bills for medical services

for payment to Allstate Insurance Company. (We respectfully attach documentation from NYU Langone in a related matter)

9. Had these medical providers properly and timely submitted their bills to Allstate Insurance Company, for payment under the No Fault statutes of NYS Insurance Law, there would have been no lien against the proceeds of Alfredo Cotto's underlying settlement in the Supreme Court action.

10. Instead, the medical providers had, wrongfully, submitted their medical bills to the Plaintiff, the Fund, for payment.

11. That the plaintiff Fund should not have paid the medical bills submitted to the Fund, and the Fund paid these bills negligently, wrongfully and improperly.

12. That, upon information and belief, the Fund's own rules require that the Benefit Fund be provided with proof that the claimant has exhausted any available no-fault benefits and also exhausted the no-fault appeals process before the Benefit Fund will consider payment in accordance with its Schedule of Fees and Allowances.

13. Here, the Fund failed to follow their own rules and the Fund is now attempted to enforce an unnecessary and wrongful lien against the very limited proceeds on Alfredo Cotto's recovery.

14. For these, and other reasons, the Fund had violated and failed to observe its own rules and had otherwise acted wrongfully.

15. That the negligent, wrongful and improper acts and omissions by the Fund, as well as the medical providers created an untenable situation, wherein the Fund attempts to assert

a lien (which should not exist under the New York State Insurance Law) and that this purported lien is far in excess of the client's share of the settlement proceeds.

16. To resolve this untenable situation, Alfredo Cotto and the Pager defendants commenced a separate action in United States District Court, Eastern District of New York, under CV 19-4089 against the Fund, and the various medical providers who had submitted the bills herein.

17. In this action, brought by the plaintiff, the Fund, the Fund had undisputedly failed to follow its own rules, had failed to demand appropriate proof and documentation of exhaustion/unavailability of No Fault benefits and had been otherwise negligent, and in error.

DATED: October 16, 2019

                                              LAW OFFICES OF WILLIAM PAGER

                                        By: ***/s/ William Pager***
                                                 WILLIAM PAGER
                                                 LAW OFFICES OF WILLIAM PAGER
                                                 ALFREDO COTTO
                                                 205 Kings Highway
                                                 Brooklyn, New York 11223
                                                 p (718) 998-1010
                                                 f (718) 998-8046