**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRUSTEES OF THE 1199SEIU
NATIONAL BENEFIT FUND FOR
HEALTH AND HUMAN SERVICE
EMPLOYEES,

AFFIDAVIT OF DEFENDANT
ALFREDO COTTO s/h/a ALFRED
COTTO IN OPPOSSITION TO
THE PLAINTIFF'S APPLICATION

          Plaintiff,

    -against-

ALFRED COTTO, LAW OFFICES OF
WILLIAM PAGER, SOL SOKEL, ESQ.,
and WILLIAM PAGER, ESQ.

18-CV-7123 (AMD) (CLP)

          Defendants.
------------------------------------------------------X

STATE OF NEW YORK   )
                     >:ss
KINGS COUNTY      )

Alfredo Cotto being duly sworn, deposes and says under oath, as follows:

1.    I am a defendant named in the case at bar and I was incorrectly named herein as Alfred Cotto, but my correct name is Alfredo Cotto.

2.    This affidavit is submitted in opposition to the plaintiff's Order to Show Cause and Temporary Restraining Order as it would be manifestly unjust to grant relief to the plaintiff which would impose an unjust financial hardship on me.

3.    In brief, as a result of a motor vehicle accident in 2015, I was injured. After commencing a lawsuit I received an offer in compensation of approximately $25,000. I note that I received medical care and treatment in the amount of $38,262.19 for my injuries.

4.    Apparently the plaintiff in this federal action paid for my medical care, which should have been fully satisfied by No Fault insurance. If the 1199SEIU Benefit Fund incorrectly paid for my medical care, which I was covered under the New York State No Fault insurance laws such 1199SEIU Benefit Fund has a legitimate remedy of either seeking a Declaratory Judgment against the No Fault carrier or filing a plenary law suit to claw back from the correct carrier the $38,262.19 spent for my medical care. Clearly, the No Fault carrier was unjustly enriched and the plaintiff 1199SEIU has two different adequate remedies to recover the monies spent.

1

5.     On Sunday, September 20, 2015 at around 6:00 a.m. I was the driver of a 1998 Subaru owned by Jean Baptiste. At that date and time I was 24 years of age and I was involved in a motor vehicle accident at the location of Atlantic Avenue and Autumn Avenue in Kings County, State of New York. The other vehicle was driven by Yelsi Yurir Hernandez Guzman and owned by PENRAC, LLC. I would describe the contact between the two vehicles as heavy.

6.     Immediately after the motor vehicle accident I was put in an ambulance and physically examined, but I was not taken to a hospital. However, at some brief point thereafter, I was in pain and my father drove me to the Brookdale Hospital Emergency Room. I advised the staff at the hospital that I was in a motor vehicle accident and that my neck, back, shoulders and chest were hurting. After being examined by a doctor I was advised that I suffered from whiplash.

7.     After being treated at Brookdale Hospital I was treated at approximately nine medical providers. In all instances, I advised the staff at each medical provider that I was involved in a motor vehicle accident and I suffered injuries. I was under the impression from my attorneys that ALLSTATE Insurance Co. covered me from my parents' policy, who I lived with.

8.     The health care provider medically treated me, under the correct impression that a No Fault carrier was covering me under the laws of the State of New York. What the herein plaintiff 1199SEIU Benefit Fund is unjustly trying to do is to impose an improper lien of over $38,262.19 on the approximate $25,000 offer I had received, which in actuality takes away all monies I am fully entitled to, for physical injuries I received from the motor vehicle accident.

9.     No settlement offer has been accepted. No settlement monies were spent. There is no prejudice to the plaintiff or impending irreparable harm. The OSC and TRO must be denied.

ALFREDO COTTO

Subscribed and sworn to before
me this 27th day of December, 2018

Notary Public

EARLE F. WEPRIN
Notary Public, State of New York
No. 01WE4623377
Qualified in Kings County
Commission Expires Dec. 31, 2018

2

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALFREDO COTTO, LAW OFFICES OF WILLIAM
PRAGER and WILLIAM PRAGER, ESQ.,

                 Plaintiffs,

    -against-

NYU LANGONE HOSPITALS, NYU LANGONE
HEALTH SYSTEMS, NEW YORK LANGONE
MEDICAL CENTER, NYU LANGONE
ORTHOPEDIC HOSPITAL, HANK ROSS
MEDICAL P.C., ALLSTATE INSURANCE
COMPANY, TRUSTEES OF THE 1199 SEIU
FUND FOR HEALTH AND HUMAN SERVICE
EMPLOYEES,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**NOTICE OF MOTION**

Docket No. 19-cv-4089 (DLI) (ST)

    **PLEASE TAKE NOTICE** that, upon the Declaration of Colleen M. Tarpey, Esq., dated September 27, 2019, and the Exhibits; the accompanying Memorandum of Law, dated September 27, 2019; and upon all the pleadings and proceeding heretofore had herein, the Defendants, NYU Langone Hospitals, NYU Langone Health Systems, New York Langone Medical Center and NYU Langone Orthopedic Hospital (the "NYU Langone Defendants") will move this Court, before the Honorable Dora Lizette Irizarry, District Judge, of the United States District Court, Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201, on October 11, 2109, or on such other date as the Court directs, for an Order, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, granting dismissal of the Complaint in its entirety against the NYU Langone Defendants, and granting such other and further relief as the Court deems, equitable, just and proper.

Dated: Great Neck, New York
September 27, 2019

GARFUNKEL WILD, P.C.
*Attorneys for Defendants NYU Langone Hospitals,*
*NYU Langone Health Systems, New York Langone*
*Medical Center and NYU Langone Orthopedic*
*Hospital*

By:   */s/ Colleen M. Tarpey*
Roy W. Breitenbach
Colleen M. Tarpey
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

TO:  William Pager, Esq.
Law Offices of William Pager
*Attorneys for Plaintiffs*
203-205 Kings Hwy.
Brooklyn, NY 11223
williampager@hotmail.Com

Peter C. Merani, Esq.
Peter C. Merani, PC
*Attorneys for Defendant Allstate Insurance Company*
1001 Avenue of the Americas,  Ste 1800
New York, NY 10018
pmerani@meranilaw.com

Jennifer D. Weekley, Esq.
*Attorney for Trustees of the 1199 Seiu Fund for Health and Human Service Employees*
1199 SEIU Benefit and Pension Funds
330 W 42nd Street, 31st Floor
New York, New York, NY 10036
jennifer.weekley@1199funds.org

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALFREDO COTTO, LAW OFFICES OF WILLIAM
PAGER AND WILLIAM PAGER ESQ.

                                Plaintiffs,

     -against-

NYU LANGONE HOSPITALS, NYU LANGONE
HEALTH SYSTEMS, NEW YORK LANGONE
MEDICAL CENTER, NYU LANGONE
ORTHOPEDIC HOSPITAL, HANK ROSS
MEDICAL P.C., ALLSTATE INSURANCE
COMPANY, TRUSTEES OF THE 1199 SEIU
FUND FOR HEALTH AND HUMAN SERVICE
EMPLOYEES

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF COLLEEN
M. TARPEY, ESQ., IN SUPPORT
OF THE NYU LANGONE
DEFENDANTS' MOTION TO
DISMISS THE COMPLAINT**

Docket No. 19-CV-4089 (DLI)(ST)

COLLEEN M. TARPEY, declares under the penalties of perjury and pursuant to 28

U.S.C. § 1746, that:

     1.     I am a senior attorney with the law firm of Garfunkel Wild, P.C., counsel for

Defendants NYU Langone Hospitals, NYU Langone Health Systems, New York Langone

Medical Center, and NYU Langone Orthopedic Hospital (the "NYU Langone Defendants") in

the captioned matter.

     2.     Annexed hereto as Exhibit 1 is a true and correct copy of the Complaint filed by

Plaintiffs in this matter.

     3.     Additionally, this Declaration is submitted for the purpose of putting before the

Court certain facts which, while they need not be relied upon to grant the within Motion to

Dismiss, would be dispositive of the case should it survive the pleading stage.

4.      Contrary to the allegations in the Complaint that the NYU Langone Defendants did not properly ascertain that Mr. Cotto's injuries were the result of a car accident, implicating no fault insurance coverage, the NYU Defendants' billing department spoke to a Foremost Signature no-fault adjuster on November 9, 2015 to obtain pre-service eligibility confirmation for Mr. Cotto's no-fault coverage, based on information they obtained from Mr. Cotto. The call to Foremost Signature took place a few weeks before Mr. Cotto's surgery on December 4, 2015.

5.      On December 9, 2015, the NYU Langone Defendants billed Foremost (which appears to have rebranded itself as Bristol West). *See* https://www.prnewswire.com/news-releases/foremost-insurance-rebrands-foremost-auto-insurance-to-bristol-west-300705041.html.

6.      On January 7, 2016, the no-fault insurer denied liability for payment, reporting that the "patient is not eligible for benefits under this policy." *See* Exhibit 2 (redacted to remove information regarding procedures performed).

7.      Following denial of their claim by the no-fault insurer identified by Mr. Cotto, the NYU Langone Defendants billed the only other insurance coverage that they had on record for Mr. Cotto, namely the 1199 SEIU Benefit Fund. *See* Exhibit 3 (redacted to remove ID numbers).

Dated: Great Neck, New York
       September 27, 2019

                                    */s/ Colleen M. Tarpey*
                                    COLLEEN M. TARPEY

EXHIBIT 1

U.S. DISTRICT COURT E.D.N.Y.

★ JUL 16 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ALFREDO COTTO, LAW OFFICES OF WILLIAM PAGER
AND WILLIAM PAGER, ESQ

CV19 - 4089

COMPLAINT

Plaintiff,

JURY DEMANDED

-against-

Docket No.

KUNTZ,

NYU LANGONE HOSPITALS, NYU LANGONE HEALTH
SYSTEMS, NEW YORK LANGONE MEDICAL CENTER,
NYU LANGONE ORTHOPEDIC HOSPITAL, HANK ROSS
MEDICAL P.C. , ALLSTATE INSURANCE COMPANY,
TRUSTEES OF THE 1199 SEIU FUND FOR HEALTH AND
HUMAN SERVICE EMPLOYEES

TISCIONE, M.J.

Defendants.

-------------------------------------------------------------------X

Plaintiffs, by their attorneys, **LAW OFFICES OF WILLIAM PAGER**, complaining of the

Defendants, respectfully allege, upon information and belief:

## JURISDICTIONAL STATEMENT

1.      At the time of the commencement of this action Plaintiff Alfredo Cotto was, and

still is, resident of the County of Kings and State of New York.

2.      The cause of action herein alleged arose in the State of New York, County of

Kings.

3.      That the claims herein involve and fall within the scope of ERISA and involve

questions of federal law, conferring exclusive federal jurisdiction and "providing for appropriate

remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b).

4. That the jurisdiction of this Court is invoked herein, inter alia, in that one of the named defendants herein, Trustees of the 1199 SEIU Fund for Health and Human Service Employees had earlier commenced a related action against Alfredo Cotto, Law Offices of William Pager, and other parties, and that this action is currently pending in this federal district court, Eastern District of New York, under the docket number # 18-CV-7123 and is presently assigned to Magistrate Judge Cheryl L. Pollak. (The Summons and Complaint annexed as exhibit "A")

5. That this instant action, commenced herein, names as defendants, parties necessary and indispensable to the above described earlier action, which was commenced by Trustees of the 1199 SEIU Fund, and now these parties are required to be joined, herein.

6. That these named defendants are necessary parties within the meaning of Fed. R. Civ. P. 19(a) because it is impossible to fairly litigate the issue relevant to the above early action in their absence.

7. That an omission of these parties would leave the defendants Alfredo Cotto, Law Offices of William Pager and William Pager, named in the earlier action, subject to a substantial risk of incurring inconsistent obligations and damages and a judgment rendered in the named defendants' absence would be prejudicial to the named plaintiffs herein

8. That the prejudice to the plaintiffs cannot be lessened or avoided with any protective provisions in the judgment.

9. That a judgment rendered in the named defendants' absence will be inadequate and insufficient.

10. That the plaintiffs will not have an adequate remedy in the absence of these, presently named defendants, **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH**

SYSTEMS, NEW YORK LANGONE MEDICAL CENTER, NYU LANGONE
ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C., ALLSTATE INSURANCE
COMPANY, TRUSTEES OF THE 1199 SEIU FUND FOR HEALTH AND HUMAN
SERVICE EMPLOYEES AND the court cannot accord complete relief among the parties.

## THE PARTIES

11.     That Alfredo Cotto is an individual residing in the County of Kings, City of New
York, State of New York.

12.     That William Pager is an attorney duly admitted to practice of law in the Courts of
the state of New York.

13.     That William Pager is the sole proprietor of a law firm, known as the Law Offices
of William Pager.

14.     That the defendants Trustees of the 1199 SEIU Fund identify themselves as a
board of trustees who administer the fund, offering self-insured, self-administered healthcare and
retirement benefits to members and retirees of 1199SEIU United Healthcare Workers East, New
York's largest union representing healthcare workers and their dependents.

15.     That the defendant 1199 National Benefit Fund is a not-for-profit, self-administered
welfare trust fund for health and human services employees. The organization, which is funded by
employer contributions, provides health care, life insurance, and disability benefits to members of
New York's 1199 union for workers in voluntary hospitals, nursing homes, mental health clinics,
pharmacies, and home care and social service agencies.

16.     At all times herein mentioned, the Defendants NYU Langone Hospitals, NYU
Langone Health Systems, NEW YORK LANGONE MEDICAL CENTER, NYU Langone

Orthopedic Hospital were privately owned healthcare organizations and entities existing in the State and City of New York, under and by the virtue of the laws of the State of New York.

17. At all times, Defendant **NYU LANGONE HOSPITALS** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

18. At all times mentioned herein, the principal place of business of Defendant NYU **LANGONE HOSPITALS**, are and were located in the State of New York.

19. At all times, Defendant **NYU LANGONE HEALTH SYSTEMS** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

20. At all times mentioned herein, the principal place of business of Defendant NYU **LANGONE HEALTH SYSTEMS** was located in the State of New York, County of New York.

21. At all times, Defendant **NYU LANGONE ORTHOPEDIC HOSPITAL** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

22. At all times mentioned herein, the principal place of business of Defendant NYU **LANGONE ORTHOPEDIC HOSPITAL** was located in the State of New York, County of New York.

23. At all times, Defendant **NYU LANGONE MEDICAL CENTER** was a private owned healthcare organization duly organized and existing under and, by virtue of, the laws of the State of New York.

24.     At all times mentioned herein, the principal place of business of Defendant **NYU LANGONE MEDICAL CENTER** was located in the State of New York, County of New York.

25.     At all times mentioned herein, **NYU Langone Health** was and is an academic medical center located in New York City, New York

26.     At all times herein mention, the NYU Medical Center comprises the NYU School of Medicine and several hospitals and operates multiple ambulatory facilities in Manhattan, Brooklyn, Queens and Long Island.

27.     That at all times herein mentioned Dr. Hank Ross was a physician and a medical professional licensed to practice medicine in the State of New York.

28.     At all times mentioned herein, Dr. Hank Ross owned a health-care facility and a professional corporation known as **HANK ROSS MEDICAL P.C.** pursuant to the laws of the State of New York for the care of the patients, located at 153-19 Union Turnpike, Flushing, NY 11367 which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including the Plaintiff **ALFREDO COTTO** could be treated for various ailments and conditions.

29.     At all times mentioned herein, Defendant **HANK ROSS MEDICAL P.C.** was, and still is, a professional medical corporation duly authorized and existing under, and by virtue of, the laws of the State of New York.

30.     At all times mentioned herein, the principal place of business of Defendant **HANK ROSS MEDICAL P.C.** was located in the State of New York, County of Queens.

31.　　　That at all times mentioned herein, Allstate Insurance Company is a publicly held insurance company, conducting business in the City and State of New York, which is headquartered in the state of Illinois.

32.　　　That at all times mentioned herein, Allstate Insurance Company  maintains multiple offices for conducting business in the State of New York.

33.　　　The events complained of herein occurred in the State of New York.

34.　　　The amount in controversy exceeds, exclusive of interest and costs, $75,000.00.

35.　　　Jurisdiction exists under Title 28 USCA Section 1332, as well as ERISA and various other reasons, as set forth above.

### AS AND FOR A FIRST CAUSE OF ACTION

36.　　　At all times mentioned herein, Defendants **NYU LANGONE HOSPITALS AND NYU LANGONE HEALTH SYSTEMS, NYU Langone Orthopedic Hospital a/k/a NYU Hospitals Center** (hereinafter collectively referred to as the **NYU Langone Hospital**) owned, operated a hospital and a medical facility for the care of the sick, located at 301 East 17th Street, New York, NY 10003, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff ALFREDO COTTO could be treated for various ailments.

37.　　　At all times mentioned herein, Defendants **NYU LANGONE HOSPITAL** owned, maintained and operated a medical billing department, with trained personnel therein, responsible for obtaining the appropriate information, and for preparing, processing billing and collecting

reimbursement for various medical bills, associated with various medical services provided by the hospital.

38.     At all times mentioned herein, Defendants NYU LANGONE HOSPITAL owned, managed, maintained, controlled, operated, supervised, inspected a medical billing department where they prepared, processed their various bills for services and they collected reimbursement for said bills from the appropriate individuals and entities.

39.     That on September 20, 2015 Plaintiff ALFREDO COTTO was involved in the motor vehicle accident, which took place at intersection of Atlantic Avenue and Autumn Avenue, County of Kings, State of New York and he sustained serious multiple injuries.

40.     That Plaintiff Alfredo Cotto had retained the services of attorney William Pager and Law Offices of William Pager for the purpose of commencing a legal action in Court, and for collecting compensation for personal injuries sustained by Alfredo Cotto in the above described accident.

41.     That William Pager and the Law offices of William Pager had commenced an action in Supreme Court, Kings County on behalf of Alfredo Cotto.

42.     Upon information and belief, Plaintiff ALFREDO COTTO sought medical treatment and related services from Defendant HANK ROSS MEDICAL P.C. and NYU LANGONE HOSPITAL defendants as a result of the injuries he sustained in the above automobile accident.

43.     That on or about November 4, 2015 Plaintiff AFLREDO COTTO received initial medical consultation and a recommendation for the right shoulder surgery from Defendant HANK ROSS MEDICAL P.C.

44.     That upon information and belief, on December 4, 2015 Plaintiff ALFREDO

COTTO was scheduled for, and had, eventually, undergone right shoulder surgery in NYU Langone

Orthopedic Hospital a/k/a NYU Hospitals Center performed by Defendant HANK ROSS

MEDICAL P.C., and its principal Dr. Hank Ross, which surgery was necessitated by and was a

result of the injuries sustained by Plaintiff in the aforesaid motor vehicle accident.

45.     That at all relevant times herein, every automobile insurance policy in New York

State provides for the payment of first-party benefits, also known as No-fault benefits, of up to

$50,000 for "basic economic loss" for covered persons injured in car accidents pursuant to Insurance

Law of the State of New York.

46.     That under N.Y. Comp. Codes R. & Regs. Tit. 11, 65-1.1(b)(2002)(Regulation 68),

which is the prescribed endorsement for No-Fault coverage in New York for all new and renewal

policies effective on and after April 5, 2002, the Proof of Claim Condition mandates that "In the case

of a claim for health service expenses, the eligible injured person or that persons assignee or

representative shall submit written proof of claim to the Company, including full particulars of the

nature and extent of the injuries and treatment received and contemplated, as soon as reasonably

practicable but, in no event later than 45 days after the date services are rendered.".

47.     That under Section 2807-c (applicable to No-Fault), reimbursement for inpatient

hospital billings are made on an individually calculated case based payment per patient discharge

("DRG"). The system of DRG calculation is governed under N.Y. Comp. Codes R. & Reg. Tit. 10, §

86-1.50 and 1.51 (2002). Therefore, in applying both the No-Fault and Public Health regulations, the

time period for submission of bills by hospitals begins with the date of patient discharge.

48.    That at all relevant times herein, the Plaintiff **Alfredo Cotto** had available insurance coverage with **ALLSTATE INSURANCE Co.**, which would and did pay appropriately submitted medical bills, under the No-Fault statutes and regulations.

49.    That at all times Defendants **NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C.** had the duty to properly collect information, process the medical bills and timely submit said bills for payment and/or reimbursement in a reasonably diligent and appropriate manner on behalf of ALFREDO COTTO from Allstate Insurance Company.

50.    That at all times herein mentioned, the Defendants NYU Langone Hospital and Hank Ross Medical P.C. were obligated to process information, prepare and submit bills and seek reimbursement for health service benefits rendered to ALFREDO COTTO pursuant to the New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.) (commonly known as the "No Fault Law") from ALLSTATE INSURANCE COMPANY.

51.    That at all times herein mention, the Comprehensive Motor Vehicle Insurance Reparations Act, commonly referred to as the 'No-Fault Law' (*see* Insurance Law art 51) is aimed at ensuring 'prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists.

52.    That under Insurance Law § 5102(a), no-fault benefits are intended to reimburse persons and medical providers, for, among other things, medical expenses incurred as a result of a motor vehicle accident.

53.    That at the time of the medical services provided to him by the aforementioned defendants, Plaintiff **ALFREDO COTTO** had available and enjoyed health service benefits under the personal injury protection ("No Fault") provisions in automobile insurance policies written by his auto insurance company, defendant "Allstate Insurance Company", which afforded the "No-Fault" medical coverage for Plaintiff pursuant to the New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.)

54.    That the Defendants **NYU LANGONE HOSPITAL** and **HANK ROSS MEDICAL P.C.**, knew or should have known that the injuries sustained by ALFRED COTTO arose from an automobile accident.

55.    That the Defendants **NYU LANGONE HOSPITALS AND HANK ROSS MEDICAL P.C.** and their medical billing departments knew or should have known of the aforementioned available "No Fault" medical coverage through ALL STATE Insurance Company.

56.    That Defendants **NYU LANGONE HOSPITALS, AND HANK ROSS MEDICAL P.C** knew or should have known that they were obligated to submit medical bills for reimbursement to ALFRED COTTO'S insurance provider, i.e., ALLSTATE INSURANCE COMPANY under "No-Fault" medical coverage for Plaintiff pursuant to the New York State Comprehensive Motor Vehicle Insurance Reparations Law (Insurance Law §§5101 et. seq.)

57.    That said defendants NYU LANGONE HOSPITALS AND HANK ROSS MEDICAL P.C. were obligated to **"submit written proof of claim** and medical bills to the insurer Allstate Insurance Company no later than **45 days** after services are rendered, under 11 NYCRR 65-2.4(c).

58.     That said defendants NYU LANGONE HOSPITALS AND HANK ROSS
MEDICAL P.C. failed to meet their obligations and failed to "submit written proof of claim and
medical bills to the insurer Allstate Insurance Company, as soon as reasonably practicable but no
later than 45 days after services are rendered, under 11 NYCRR 65-1.1(d).

59.     Instead, the Defendant NYU LANGONE HOSPITALS, AND HANK ROSS
MEDICAL P.C. had submitted medical bills for services to 1199 SEIU Funds, a self-funded, jointly
trusted Employee Welfare Benefit Fund, for the Funds reimbursement and payment of medical bills.

60.     That at all times Defendants NYU LANGONE HOSPITALS, NYU LANGONE
HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS
MEDICAL P.C. had the duty to obtain information, process the information, prepare appropriate
documentation and submit same to ALLSTATE INSURANCE COMPANY in a reasonable prompt
and appropriate manner.

61.     That the Defendants NYU LANGONE HOSPITALS, NYU LANGONE
HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS
MEDICAL P.C. failed and had breached their duty to obtain information, process the information,
prepare appropriate documentation and submit same to ALLSTATE INSURANCE COMPANY in
a reasonable prompt and appropriate manner, thereby causing damages to Alfredo Cotto.

62.     That at all times Defendants NYU LANGONE HOSPITALS, NYU LANGONE
HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS
MEDICAL P.C. were negligent, careless and reckless in their hiring, retaining, instructing, training
and supervision of their billing department and/or outsource company, and in failing to submit
medical bills with proper insurance company, submit medical bills within required period of time.

63.     That Defendants NYU LANGONE HOSPITALS, NYU LANGONE HEALTH SYSTEMS, NYU LANGONE ORTHOPEDIC HOSPITAL AND HANK ROSS MEDICAL P.C., their agents, servants, employees and/or outsource company knowingly knew and had information regarding the availability of other insurance and eligibility for "No-Fault" coverage provided by Allstate Insurance Company, negligently, carelessly, and recklessly submitted medical bills to co-defendant **Trustees of the 1199 SEIU FUND FOR HEALTH AND HUMAN SERVICE EMPLOYEES.**

64.     That the Defendants failure to appropriately process and submit their medical bills to ALLSTATE INSURANCE COMPANY in a reasonably timely and proper manner, caused and create an unnecessary and improper debt and a lien against the settlement proceeds in Alfredo Cotto's recovery in his auto accident lawsuit in Supreme Court, Kings County.

65.     That as a result of the Defendants wrongful, negligent, careless and reckless actions and omissions, **Trustees of the 1199 SEIU FUND FOR HEALTH AND HUMAN SERVICE EMPLOYEES** brought an action in United States District Court against multiple parties including Alfredo Cotto, Law Offices of William Pager and William Pager, wherein said TRUSTEES sought various relief. (Please see enclosed complaint)

66.     That as result of Defendants negligence, careless, reckless conduct, Plaintiffs Alfredo Cotto, Law Offices of William Pager and William Pager suffered financial losses due to the Defendants acts and omissions.

67.     That by reason of the foregoing, Plaintiff, Alfredo Cotto was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, including legal fees, costs and disbursements.

68.     That by reason of the foregoing, Plaintiff, Law Offices of William Pager and William Pager were damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, including legal fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

## IN BREACH OF CONTRACT

69.     That at all times hereinafter mentioned, Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the Jurisdictional Statements and First Cause of Action, with the same force and effect as though fully set forth herein at length.

70.     That the above named Defendants, TRUSTEES OF 1199 SIU FUND, LANGONE HOSPITAL, HANK ROSS MEDICAL P.C. AND ALLSTATE INSURANCE COMPANY had an existing agreement and a contract with ALFREDO COTTO.

71.     That ALFREDO COTTO had performed, as he was obligated and agreed upon, under the contract and agreement.

72.     That, by contrast, the named defendants failed to perform as they were obligated to do.

73.     The above named Defendants, TRUSTEES OF 1199 SIU FUND, LANGONE HOSPITAL AND HANK ROSS MEDICAL, P.C., ALLSTATE INSURANCE COMPANY their agents, servants, employees and/or outsource billing company have materially breached the agreement and the contract with the Plaintiff(s) by failing to act as they were obligated to do, under the agreement and contract.

74.     The above named Defendants, ALLSTATE INSURANCE COMPANY, their agents, servants, employees and/or outsource billing company have materially breached the

agreement and the contract with the Plaintiff(s) and the Defendants failed to pay the medical bills, incurred by ALFREDO COTTO as ALLSTATE INSURANCE COMPANY were obligated to do.

75.     That due to the breach of the agreement between the above named Defendants, their agents, servants, employees and the Plaintiff by the above named Defendants, the Plaintiff suffered financial losses and damages.

76.     That by reason of the foregoing, Plaintiff, Alfredo Cotto was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, along with legal fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION

### IN UNJUST ENRICHMENT

77.     That at all times hereinafter mentioned, Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the Jurisdictional Statements and First Cause of Action, with the same force and effect as though fully set forth herein at length.

78.     That as result of Defendants actions and omissions Defendants enjoyed benefits and unjust enrichment.

79.     That as a result of the above, the Defendants benefited at the expense of the Plaintiffs, and to the detriment of the Plaintiffs.

80.     That equity and good conscience require restitution of the damages sustained by the Plaintiffs herein.

81.     That the Plaintiffs and the Defendants were in such a direct relationship with each other so as to cause the Plaintiffs to rely upon the Defendants and/or the Defendants induced the Plaintiffs to rely upon the Defendants.

82.     That by reason of the foregoing, Plaintiff, Alfredo Cotto was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, along with legal fees, costs and disbursement.

83.     That by reason of the foregoing, Plaintiff, William Pager and Law Offices of William Pager were damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS along with legal fees, costs and disbursements.

## DEMAND FOR JURY TRIAL

84.     Plaintiff respectfully demands a trial by jury on all claims in this action.

WHEREFORE, Plaintiff AFLREDO COTTO demands judgment against the Defendants in the each Cause of Actions in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the legal fees, costs and disbursements on each cause of action, in this action; and Plaintiffs William Pager and Law Offices of William Pager demand judgment against the Defendants in each Cause of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the legal fees, costs and disbursements on each cause of action, in this action

Dated: Brooklyn, New York
         JULY 12, 2019

Yours, etc

Law Offices of William Pager
Attorneys for Plaintiff(s)
ALFREDO COTTO
WILLIAM PAGER AND LAW OFFICES OF
WILLIAM PAGER
203-205 Kings Highway
Brooklyn, New York 11223
williampager@hotmail.com
williampager@pagerlaw.com
718-998-1010
Our File No. 3187LB

DONNELLY, J.

POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 14 2018   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

TRUSTEES OF THE 1199SEIU
NATIONAL BENEFIT FUND FOR
HEALTH AND HUMAN SERVICE EMPLOYEES,

CV 18 - 7123

Plaintiff,

-against-

COMPLAINT

ALFRED COTTO, LAW OFFICE OF WILLIAM
PAGER, SOL SOKEL, ESQ., and
WILLIAM PAGER, ESQ.,

Defendants.

------------------------------------------------------x

Plaintiff, the Trustees of the 1199SEIU National Benefit Fund for Health and Human

Service Employees (the "Fund" or "Plaintiff"), pleads as follows:

1.     This action seeks the creation of an equitable constructive trust, and a

declaration of rights and other equitable relief pursuant to the terms of the Fund's Plan of

benefits and under the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. § 1001 et. seq.

### PARTIES

2.     Plaintiff is a fiduciary of the Fund and, as such, is entitled to bring this action

pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Fund is a multi-employer trust

fund established in accordance with Section 186(c) of the Labor Management Relations Act

of 1947, an "employee welfare benefit plan" as that term is defined in ERISA and a

Voluntary Employee Beneficiary Association, as that term is defined in Section 501(c)(9) of

the Internal Revenue Code.

3.    The Fund is not an insurance company and is not subject to New York State Insurance law; it is a trust fund and self-funded employee welfare plan governed by ERISA that provides eligible participants health and related benefit coverage, such as hospitalization, medical and prescription drug coverage. The Fund is a nonprofit tax-exempt organization administered by a joint Board of Trustees made up of an equal number of union and employer appointed trustees.

4.    The Fund provides coverage in accordance with a written Summary Plan Description ("SPD"). The policy choices of the Fund are set forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms, in the SPD, which is distributed to all participants upon enrollment in the Fund.

5.    As a multi-employer trust, the Fund is entirely financed with contributions from contributing employers pursuant to various collective bargaining agreements between 1199SEIU United Health Care Workers East ("the Union") members and healthcare employers.

6.    Defendants Alfred Cotto, Law Office of William Pager, Sol Sokel, Esq. and William Pager, Esq. are a beneficiary, and counsel for a beneficiary of the Fund who received medical care paid for by the Fund as a result of a vehicular accident.

7.    As a result of Mr. Cotto's injuries, through his counsel, he commenced a personal injury action against the responsible parties entitled Cotto v. Yelsi Yunir Hernandez Guzman, Enterprise Leasing Company of Philadelphia a/d/a/ Enterprise Lease of Philadelphia, Ean Holdings LLC, Penrac, LLC and Enterprise Holdings, Inc., Index No. 515003/2015, NY State Supreme Court, Kings County

2

(the "Personal Injury Action.")

8.      The Personal Injury Action settled or is in the process of settling for an amount in excess of $24,000.

9.  The Union is a labor union representing hundreds of thousands of health care workers throughout the northeast. As a beneficiary receiving benefits from the Fund's plan of benefits, Defendant Alfred Cotto is subject to the terms of the Fund's SPD. Upon information and belief, Defendant Alfred Cotto is a resident of the City of New York.

10.     Defendants Law Office of William Pager, Sol Sokol, Esq. and William Pager Esq. are located in/residents of Brooklyn, New York.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to its general equity jurisdiction because this action for equitable restitution and the creation of a constructive trust and other equitable relief is in equity.

12.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132 because this action to enforce provisions of the Fund's Summary Plan Description and Plan arises under ERISA.

13.     Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court, as Defendants reside/are located in Brooklyn, New York and the Personal Injury Action is being prosecuted there.

## FACTUAL ALLEGATIONS

14.     Upon information and belief, Defendant Alfred Cotto was injured in a vehicular accident on or about September 20, 2015 (the "Accident.") In connection with the

3

injuries suffered by Mr. Cotto as a result of the Accident, the Fund paid hospital, medical,

laboratory and and/or x-ray benefits on behalf of Mr. Cotto in the amount of $38,262.19.

15.      Defendants Alfred Cotto, Law Office of William Pager, Sol Sokel, Esq. and

William Pager, Esq have failed and refused to acknowledge the Fund's lien or make

arrangement to pay it and have filed Motion in the Personal Injury Action in an to attempt

to extinguish the Fund's lien and entitlement to payment before the New York State

Supreme Court, Kings County.

16.      Under the terms of the Plan, the Fund is entitled to equitable restitution of

the $38,262.19 it paid in connection with the Accident.

17.      The Plan during the relevant period contained a reimbursement and right of

recovery provision, which states in relevant part:

(SPD, Section I.G, 2015 (attached to Weekley Decl. as Exhibit A).

## SECTION I. G
## WHEN OTHERS ARE RESPONSIBLE FOR YOUR ILLNESS OR INJURY

If someone else is responsible for your illness or injury, for example because of an

accident or medical malpractice, you may be able to recover money from that

person or entity, his or her insurance company, an uninsured motorist fund, no-fault

insurance carrier or Workers' Compensation insurance carrier. Expenses such as

disability, hospital, medical, prescription or other services resulting from such an

illness or injury caused by the conduct of a third party are not covered by this Plan.

However, the Plan Administrator recognizes that often the responsibility for injuries

or illness is disputed. Therefore, in certain cases, as a service to you and if you

4

follow the required procedures, the Benefit Fund may advance benefit payments to you, or on your behalf, before the dispute is resolved. You must notify the Benefit Fund of any accident or injury for which someone else may be responsible. Further, the Benefit Fund must be notified of initiation of any lawsuit arising out of the accident or incident. You are required to provide the Benefit Fund with any and all information and to execute and deliver all necessary documents, including a fully completed Accident Questionnaire, as the Plan Administrator may require to enforce the Benefit Fund's rights.

When another party is responsible for an illness or injury, the Plan Administrator has the right to recovery and reimbursement of the full amount it has paid or will pay for expenses related to any claims that you may have against any person or entity as a result of the illness or injury. By accepting the Benefit Fund's health benefits in payment for such expenses, you are assigning your rights in any recovery to the Benefit Fund, and you are agreeing to hold such proceeds in trust for the Benefit Fund and to repay the Benefit Fund from those proceeds immediately, as soon as you receive them, up to the amount of the payments that the Benefit Fund advanced to you or on your behalf. This means that the Benefit Fund has an equitable lien by agreement on the proceeds of any verdict or settlement reached in a lawsuit that you bring against someone for causing the illness or injury, up to the amount the Benefit Fund has paid for costs arising from that person's actions. This also means the Benefit Fund has an independent right to bring a lawsuit in connection with such an injury or illness in your name and also has a right to intervene in any such action brought by you.

5

If you receive payments from or on behalf of the party responsible for an illness or injury, you agree that the Benefit Fund must be repaid immediately, up to the amount of the payments that the Benefit Fund advanced to you or on your behalf. The Benefit Fund's right to recover its advanced benefit payments comes before you can recover any payments you may have made. You must repay the Benefit Fund regardless of whether the total amount of the recovery is less than the actual loss and even if the party does not admit responsibility, itemize the payments or identify payments as medical expenses. You cannot reduce the amount of the Benefit Fund's payments to pay for attorneys' fees incurred to obtain payments from the responsible party. The Benefit Fund's rights provide the Benefit Fund with first priority to any and all recovery in connection with the injury or illness. The Benefit Fund has these rights without regard to whether you have been "made-whole."

Once the Benefit Fund learns that another party may be responsible, you must sign a Lien Acknowledgment affirming the Benefit Fund's rights with respect to benefit payments and claims. If the Benefit Fund has advanced benefit payments to you and you fail or refuse to sign a Lien Acknowledgment or to comply with these terms, or dispute the Fund's entitlement to a lien, the Plan Administrator may suspend your eligibility for benefits or bring a court action against you to enforce the terms of the Plan.

In the event you comply with the Fund's terms and acknowledge the Fund's rights, but you dispute the Fund's Lien Determination, in whole or in part, you may request an Administrative Review of the Lien Determination by writing to the Liens Department, provided that any proceeds you receive from a settlement, verdict or

6

agreement for compensation from or on behalf of the party responsible for the illness or injury, up to the amount of the lien, are not disbursed for the duration of the appeal. The Fund will notify you in writing of the appeal decision and rationale within 30 days of receipt of the written appeal. If the Administrative Review results in a denial of your appeal, you have the right to request a final Administrative Review by the Chief Benefits Officer or his or her designee in writing no later than 60 days after the receipt of the appeal denial. If your appeal is denied by the Chief Benefits Officer or his or her designee, you have the right to file a suit under the Employee Retirement Income Security Act of 1974 ("ERISA") only in a federal court in New York City.

## WHEN MOTOR VEHICLE
## OR NO-FAULT INSURANCE PROVIDES COVERAGE

This provision is expressly intended to avoid the possibility that this Plan will be primary to coverage that is available under motor vehicle or no-fault insurance.

This Plan is secondary to:

Coverage provided under any "no-fault" provision of any motor vehicle insurance statute or similar statute; and

Coverage provided under motor vehicle insurance, which provides for health insurance protection, even if you (your spouse or your covered children) select coverage under the motor vehicle insurance as secondary.

However, the Benefit Fund will be the primary payer for Disability Benefits, which will be paid at the statutory disability rate.

7

In the event that the Benefit Fund pays benefits that should have been paid by the no-fault insurer, you are obligated to reimburse the Benefit Fund for the amount advanced on your behalf from any monetary recovery from any person or entity responsible for the injury or illness.

### WHEN MOTOR VEHICLE
### OR NO-FAULT INSURANCE
### DENIES COVERAGE

Before the Benefit Fund will provide benefits, you must exhaust all of your benefits under your no-fault insurance.

If the no-fault insurer denies your claim for benefits, you are required to appeal this denial to your no-fault carrier. You must provide proof to the Benefit Fund that you have exhausted the no-fault appeals process before the Benefit Fund will consider payment in accordance with its Schedule of Fees and Allowances.

18. Pursuant to the Fund's Plan, the Fund has an equitable lien and right to equitable restitution from the settlement proceeds of the medical benefits payments it advanced on behalf of Mr. Cotto.

19. The SPD for the Fund states that though expenses incurred by a participant or beneficiary as a result of a third party are not covered benefits, the Fund's payments of those expenses while a dispute is pending are only advances that must be returned to the Fund and states further that the Fund must be reimbursed from any proceeds of any verdict or settlement reached in a lawsuit that is brought by the participant against

8

someone for causing an illness or injury, when the Fund has paid for costs arising from that person's actions.

20.     No prior application has been made for the relief requested herein.

## ENFORCEMENT OF THE TERMS OF THE PLAN

21.     Plaintiff alleges paragraphs 1 through 21 as if stated herein.

22.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff seeks relief, including, but not limited to, an order of constructive trust, an accounting of the proceeds of the settlement up to the amount of the Plaintiff's lien, and equitable restitution, or such other remedy as may be necessary to enforce ERISA and the terms of the Plan.

23.     Pursuant to 28 U.S.C. § 2201, this Court should interpret and enforce the terms of the Plan by declaring the Fund's right to have its lien enforced under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

24.     Plaintiff alleges paragraphs 1 through 24 as if stated herein.

25.     Pursuant to Fed. R. Civ. P. 65, ERISA Section 502(a)(3) and the All Writs Act, 28 U.S.C. Sec. 1651(a), upon notice and hearing, Plaintiff is entitled to a temporary restraining order and a preliminary injunction enjoining Defendants, and all those acting in concert or participating with them, from continuing to violate the terms of the Plan and from doing so in the future, including disposing, releasing or disbursing of any amounts received in relation to the settlement concerning the Accident and from continuing efforts

in State Court to extinguish the lien, and the State Court from continuing proceedings with respect to the Fund's lien.

26.   Plaintiff has no adequate remedy at law.

27.   Absent intervention by the Court, Plaintiff will suffer immediate and irreparable harm. If Defendants are able to place any recovery from the lawsuit, action, judgment or settlement beyond the reach of this Court, then Defendants may deprive the Court of the ability to impose any meaningful remedy in favor of the Fund.

28.   The Plaintiff is likely to succeed in its claim that the Fund must be reimbursed for the amounts it has paid attributable to the Accident out of the proceeds of any recovery in the lawsuit, judgment or settlement. At a minimum, the balance of hardships tips decidedly toward Plaintiff, because the Plaintiff already advanced over thirty thousand dollars of benefits to Defendant's descendent. Defendant is merely being asked to maintain the status quo pending this Court's adjudication on the lien.

29.   The grant of the requested relief will not result in harm to the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an order:

A.   Granting a temporary restraining order and preliminary injunction enjoining Defendants, and pursuant to Fed. R. Civ. P. 65(d), their agents and all those acting in concert or participating with them from dispensing of the settlement funds recovered in the underlying case up to the amount of the Fund's lien and from violating the terms of the Plan and ERISA; pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and MidAtlantic Services v. Sereboff, 547 U.S. 356, 126 S. Ct. 1869 (2006) and its progeny, directing each of the

Defendants to account for the proceeds received from the settlement of the Personal Injury

Action and directing Defendants the Law Office of William Pager, Sol Sokol, Esq. and

William Pager, Esq. to hold proceeds from the Personal Injury Action in trust, up to the

amount of $38,262.19, until this Court rules on the merits of the instant Complaint. In the

alternative, if Defendants have already received and disbursed the funds, Plaintiff is

requesting from the Court relief, including, but not limited to, an accounting and a

temporary restraining order and a preliminary injunction ordering Defendant Alfred Cotto

to retain and set aside up to $38,262.19 of the recovery in a separate account until this

Court rules on the merits of the instant Complaint.

    B.    Granting a temporary restraining order and preliminary injunction enjoining

Defendants from continuing to seek extinguishment of the Fund's lien in the Personal

Injury Action and, pursuant to the All Writs Act, 28 U.S.C. Sec. 1651(a), enjoining the State

Court from further proceedings with respect to the lien;

    C.    For the imposition of a constructive trust, specific performance, restitution

and such other relief as may be appropriate against all Defendants to assure that the Fund

is reimbursed for any and all amounts it paid in connection with medical related services

rendered as a result of the Accident out of any recovery, whether by settlement with, or

receipt of a court award against, a third party in a any action or lawsuit;

    D.    Declaring the Fund's rights under the Plan Third Party Liability provisions in

accordance with ERISA and the terms of the Plan;

    E.    Awarding Plaintiff's attorneys' fees and costs pursuant to ERISA § 502(g)(1),

29 U.S.C. § 1132(g)(1); and

F.   Granting such other and further relief as the Court may deem just and proper

under the circumstances.

DATED:      December 14, 2018

1199SEIU National Benefit Fund
for Health and Human Service Employees

By:   _____

Jennifer D. Weekley
Assistant General Counsel
1199SEIU National Benefit Fund
330 West 42nd Street, 31st Floor
New York, NY  10036
p (646) 473-6042
f (646) 473-6049

Attorney for Plaintiff

12

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>ALFREDO COTTO<br><br>KUNTZ, J. | **DEFENDANTS**<br>Trustees of The 1199SEIU National Benefit Fund For Health and Human Service Employees et. al. |
| **(b)** County of Residence of First Listed Plaintiff __Kings__<br>*(EXCEPT IN U.S. PLAINTIFF CASES)*<br><br>TISCIONE, M.J. | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Law Offices of William Pager, 205 Kings Highway, Brooklyn, NY 11223<br>SUMMONS ISSUED | Attorneys *(If Known)*<br>Jenifer Weekley<br>330 W. 42nd Street, 31st Floor<br>New York, NY 10036, +1 (646) 473-6042 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☒ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>FILED<br>IN CLERK'S ...<br>DISTRICT COURT E.D.N.Y.<br><br>JUL 19 2019<br><br>BROOKLYN OFFICE | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:
Defendants failed to bill for medical services properly, under New York State insurance law.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE Magistrate Judge Cheryl L. Pollak
DOCKET NUMBER CV 18-7123

DATE 7/15/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

465314 1779

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, William Pager _____, counsel for Alfredo Colto _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:


### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No _____

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No _____

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes _____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an Interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? No _____
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒  Yes          ☐  No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐  Yes  (If yes, please explain)    ☒  No

I certify the accuracy of all information provided above.

Signature: _____

EXHIBIT 2

**BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-4418
Email: pip@bristolwest.com
Bristol West Insurance - Med/PIP
P.O. Box 258807
Oklahoma City, OK 73125-8807
Fax: (855) 822-3339

January 7, 2016

NYU HOSPITALS CENTER HJD
PO BOX 414049
BOSTON MA 02241-4124

RE:  Insured:                    Gaucy Baptiste
     Claim Unit Number:          30046214483-1-3
     Policy Number:              G007324866
     Loss Date:                  09/20/2015
     Injured Party:              Alfredo Cueva
     Subject:                    Your Medical Claim

Thank you for submitting your bill. We have completed an evaluation of the charges and enclosed is an Explanation of Review which details the action taken on each item billed.

Please contact me if you have any questions about your claim. When sending documents, please be sure to include the claim number on the first page and forward it to our National Document Center. All correspondence including Medical Bills for Personal Injury Protection or Medical Payments claims should be sent to:

Bristol West Insurance - Med/PIP
PO Box 258807
Oklahoma City OK 73125-8807

Sincerely
Bristol West Insurance Company

Stacey Jenkins
Field Claims Representative
(407) 562-4418


**BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-4418
Email: docs@bristolwest.com
Bristol West Insurance - Med PIP
P.O. Box 758807
Oklahoma City, OK 73125-8807
Fax (866) 822-3139

January 7, 2016

## EXPLANATION OF REVIEW

| Policy Holder: | Gaury Baptiste | Company | Bristol West Insurance Company |
| Injured Person: | Alfredo Cocco | | |

Redacted

| Date of Injury: | 09/20/2015 | | |
| Claim Unit Number: | 3004621485-1-3 | Bill Review Id: | 539461160 |
| Claims Handler: | Stacey Jenkins | Proc Date: | 01/07/2016 |

This form describes medical charges that have been evaluated for payment. If you have any questions regarding this review, please contact your Claims Handler at (407) 562-4418, or you may write to the above address. Please include your claim number with any correspondence.

If you are a Medical Provider, you can visit
https://www.whips.com/eClaims/ClaimantSelfService/medicalProviderLoginAndRegistration.action
for information on how to check the status of claims payments online.

| Provider: | Nyu Hospitals Centers Hd | Patient Account #: | 5022830 |
| | PO BOX 414049 | Tax ID: | Redacted |
| | BOSTON MA 02241-4049 | Type: | HOSP |
| | | Specialty: | Hospital |
| | | Procedure: | |

ICD Diagnosis Code:

Redacted

Admitting Diagnosis:

## Submitted Charges

| Line | Date of Service | Rev Code | Proc Code/NDC | Modf Pkg | Units | Amount Charges | Eligible Amount | Amount Allowed | Explainer Code |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 12/0 /15 | | | | | | | | |
| 2 | 12/0 /15 | | | | | | | | |
| 3 | 12/0 /15 | | | | | | | | |
| 4 | 12/0 /15 | | | | | | | | |
| 5 | 12/0 /15 | | | | | | | | |
| 6 | 12/0 /15 | | | | | | | | |
| 7 | 12/0 /15 | | | | | | | | |
| 8 | 12/0 /15 | | | | | | | | |
| 9 | 12/0 /15 | | | | | | | | |
| 10 | 12/0 /15 | | | | | | | | |
| 11 | 12/0 /15 | | | | | | | | |

Redacted

152M41NFJ

Page 1 of 3

**BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-3135
Email: class@bristolwest.com
Bristol West Insurance - 3160 PIP
P.O. Box 458807
Oklahoma City, OK 73125-8807
Fax: (855) 822-3139

January 7, 2016

## EXPLANATION OF REVIEW

| Policy Holder: | Gaury Baptiste | Company: | Bristol West Insurance Company |
|---|---|---|---|
| Injured Person: | Alfredo Cotto | | |

Redacted

| Date of Injury: | 09/20/2015 | | |
|---|---|---|---|
| Claim Unit Number: | 3004621483-1-3 | Bill Review Id: | 539461160 |
| Claims Handler: | Stacey Jenkins | Post Date: | 01/07/2016 |

Redacted

| Totals | | $4735.25 | $0.00 | $0.00 |
|---|---|---|---|---|

| Deductible Applied | $0.00 |
|---|---|

| Co-Payment Applied | $0.00 |
|---|---|

| Interest | $0.00 |
|---|---|

| Amount Paid | $0.00 |
|---|---|

### Explainer Code Guide

| P846 | Patient is not eligible for benefits under this policy |
|---|---|

### Revenue Code (Rev. Code) Guide

| 1370 | Anesthesia - General |
|---|---|
| 0278 | Medical/Surgical Supplies and Devices - Other Implants |
| 0710 | Recovery Room - General |
| 0270 | Medical/Surgical Supplies and Devices - General |
| 0272 | Medical/Surgical Supplies and Devices - Sterile Supply |
| 0636 | Pharmacy - Drugs Requiring Detailed Coding |
| 0360 | Ambulatory Surgical Care - General |

### Procedure Code (Proc. Code) Guide / National Drug Code (NDC) Guide

| J2405 | Injection, ondansetron HCl, per 1 mg (Zofran) |
|---|---|
| J1100 | Injection, dexamethasone sodium phosphate, 1 mg |
| J3010 | Injection, fentanyl citrate, 0.1 mg |
| 29806 | Arthroscopy, shoulder, surgical; capsulorrhaphy |
| J3490 | Unclassified drugs |
| J0690 | Inj, Cefazolin Sodium, 500 mg |

**BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-1418
Email: sbsa@jupitech.com
Bristol West Insurance - Med-PIP
PO Box 258807
Oklahoma City, OK 73125-8807
Fax: (855) 822-3139

January 7, 2016

## EXPLANATION OF REVIEW

| Policy Holder: | Gailry Baptiste | Company: | Bristol West Insurance Company |
| Injured Person: | Alfredo Corto | | |

Redacted

| Date of Injury: | 09/20/2015 | | |
| Claim Unit Number: | 3004621483-1-5-3 | Bill Review Id: | 539461160 |
| Claims Handler: | Stacey Jenkins | Post Date: | 01/07/2016 |

| 22120 | Surgery les4 vertebral segment up to 1,000 cc | | |
| 32400 | Injection, endometrial HCG, per 1 md (3 weeks) | | |
| 27093 | Injection, proximal of major | | |

### ICD Diagnosis Code Guide / ICD Procedure Code Guide

| Z68.33 | Body mass index (BMI) 30.0-39.9, adult | | |
| M25.511 | Other arthropathies disorders, right shoulder | | |
| S699 | Other unspecified | | |
| M25.111 | Recurrent dislocation, right shoulder | | |

Any person who knowingly and with intent to defraud any insurance company or other person files an
application for commercial insurance or a statement of claim for any commercial or personal insurance benefits
containing any materially false information, or conceals for the purpose of misleading, information concerning
any fact material thereto, and any person who, in connection with such application or claim, knowingly makes
or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction,
damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or
an insurance company, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil
penalty not to exceed five thousand dollars and the value of the subject motor vehicle or stated claim for each
violation.

We accept electronic bills (eBills) and attachments from healthcare providers and their billing assignees, and
invite you to take advantage of this service by contacting our eBill Agent, Jopari Solutions. You may sign up
using the online enrollment form at www.jopari.com, or contact the Jopari Provider Registration Call Center at
toll free (866) 269-0554. We encourage you to participate in electronic billing allows for a faster, efficient and
cost effective method of processing bills.

162M41NH

Page 3 of 3

EXHIBIT 2

 **BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-4418
BristolWest@theamherst.com
Bristol West Insurance - Med-PIP
P.O. Box 258807
Oklahoma City, OK  73125-8807
Fax: (843) 822-3239

January 7, 2016

NYU HOSPITALS CENTER HJD
PO BOX 41-0049
BOSTON MA 02241-4124

RE:  Insured:            Gaury Baptiste
     Claim Unit Number:  300462 1483-1-3
     Policy Number:      G007324866
     Loss Date:          09/20/2015
     Injured Party:      Alfredo Cotto
     Subject:            Your Medical Claim

Thank you for submitting your bill. We have completed an evaluation of the charges and enclosed is an Explanation of Review which details the action taken on each item billed.

Please contact me if you have any questions about your claim. When sending documents, please be sure to include the claim number on the first page and forward it to our National Document Center. All correspondence including Medical Bills for Personal Injury Protection or Medical Payments claims should be sent to:

Bristol West Insurance - Med-PIP
PO Box 258807
Oklahoma City, OK  73125-8807

Sincerely,
Bristol West Insurance Company

Stacey Jenkins
Field Claims Representative
(407) 562-4418

ZSMSFTW5


**BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-4448
Email: stock@bristolwest.com
Bristol West Insurance (Atid Ph)
P.O. Box 258807
Oklahoma City, OK 73125-8807
Fax: (835) 322-3139

January 7, 2016

## EXPLANATION OF REVIEW

| | | | |
|---|---|---|---|
| Policy Holder: | Gaury Baptiste | Company: | Bristol West Insurance Company |
| Injured Person: | Alfredo Cotto | | |

Redacted

| | | | |
|---|---|---|---|
| Date of Injury: | 09/20/2015 | | |
| Claim Unit Number: | 3004621483-1-3 | Bill Review Id: | 53945:11160 |
| Claims Handler: | Stacy Jenkins | Proc Date: | 01/07/2016 |

This form describes medical charges that have been evaluated for payment. If you have any questions regarding this review, please contact your Claims Handler at (407) 562-4448, or you may write to the above address. Please include your claim number with any correspondence.

If you are a Medical Provider, you can visit
https://www.whpcs.com/eClaims/ClaimantSelfService/medicalProviderLoginAndRegistration.action, for information on how to check the status of claims payments online.

| | | | |
|---|---|---|---|
| Provider: | Nyu Hospitals Center/Hjd | Patient Account #: | 15022830 |
| | PO BOX 416049 | Tax ID: | Redacted |
| | BOSTON MA 02241-6049 | Type: | HOSP |
| | | Specialty: | Hospital |
| | | Procedure: | |

ICD Diagnosis Code:

Redacted

Admitting Diagnosis:

**Submitted Charges**

| Line | Date of Service | Rev Code | Proc Code/NDC | Modi Pkg | Units | Amount Charges | Eligible Amount | Amount Allowed | Explainer Code |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 12/01/15 | | | | | | | | |
| 2 | 12/01/15 | | | | | | | | |
| 3 | 12/01/15 | | | | | | | | |
| 4 | 12/01/15 | | | | | | | | |
| 5 | 12/01/15 | | | | | | | | |
| 6 | 12/01/15 | | | | | | | | |
| 7 | 12/01/15 | | | | | | | | |
| 8 | 12/01/15 | | | | | | | | |
| 9 | 12/01/15 | | | | | | | | |
| 10 | 12/01/15 | | | | | | | | |
| 11 | 12/01/15 | | | | | | | | |

Redacted


**BRISTOL WEST**
INSURANCE GROUP

Phone: (407) 562-4118
Email: ianf@bristolwest.com
Bristol West Insurance - 8164 PIP
PO Box 258807
Oklahoma City, OK 73125-8807
Fax: (855) 822-3139

January 7, 2016

## EXPLANATION OF REVIEW

| Policy Holder: | Gaury Baptiste | Company: | Bristol West Insurance Company |
| Injured Person: | Alfredo Cotto | | |

Redacted

| Date of Injury: | 09/20/2015 | | |
| Claim Unit Number: | 3004621483-1-3 | Bill Review Id: | 539461160 |
| Claims Handler: | Stacey Jenkins | Post Date: | 01/07/2016 |

Redacted

| | | | | |
| --- | --- | --- | --- | --- |
| 12 | 1270-U15 | | | |
| 13 | 1270-U15 | | | |
| 14 | 1270-U15 | | | |
| 15 | 1270-U15 | | | |
| 16 | 1270-U15 | | | |

| Totals | | $4735.25 | $0.00 | $0.00 |

| Deductible Applied | $0.00 |
| Co-Payment Applied | $0.00 |
| Interest | $0.00 |
| Amount Paid | $0.00 |

## Explainer Code Guide

| 9346 | Amount not billable for benefits under this policy |

## Revenue Code (Rev Code) Guide

| 0370 | Anesthesia - General |
| 0278 | Medical/Surgical Supplies and Devices - Other Implants |
| 0710 | Recovery Room - General |
| 0250 | Pharmacy Supplies and Devices - General |
| 0272 | Medical/Surgical Supplies and Devices - Sterile Supply |
| 0636 | Pharmacy - Drugs Requiring Detailed Coding |
| 0360 | Operating Room Services - General |

## Procedure Code (Proc. Code) Guide / National Drug Code (NDC) Guide

| 12105 | Injection, ondansetron HCl, per 1 mg (Zofran) |
| J1100 | Injection, dexamethasone sodium phosphate, 1 mg |
| J3010 | Injection, fentanyl citrate, 0.1 mg |
| 29806 | Arthroscopy, shoulder, surgical; capsulorrhaphy |
| J3490 | Unclassified drugs |
| J0690 | Injection, cefazolin sodium, 500 mg |

 **BRISTOL WEST**
INSURANCE GROUP

Phone: (107) 562-1418
Email: abcar@bristolwest.com
Bristol West Insurance - Med-PIP
P.O. Box 258807
Oklahoma City, OK 73125-8807
Fax: (855) 822-3339

January 7, 2016

## EXPLANATION OF REVIEW

| Policy Holder: | Gaury Baptiste | Company: | Bristol West Insurance Company |
|---|---|---|---|
| Injured Person: | Alfredo Cotto | | |

Redacted

| Date of Injury: | 09/20/2015 | | |
|---|---|---|---|
| Claim Unit Number: | 5004621483-1-3 | Bill Review Id: | 539461160 |
| Claims Handler: | Stacey Jenkins | Post Date: | 01/07/2016 |

| 97120 | | |
| 97250 | | |
| 97014 | | |

### ICD Diagnosis Code Guide / ICD Procedure Code Guide

| | | |
|---|---|---|
| | | |
| | | |
| | | |

Any person who knowingly and with intent to defraud any insurance company or other person files an application for commercial insurance or a statement of claim for any commercial or personal insurance benefits containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, and any person who, in connection with such application or claim, knowingly makes or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction, damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or an insurance company, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the value of the subject motor vehicle or stated claim for each violation.

We accept electronic bills (eBills) and attachments from healthcare providers and their billing assignees and invite you to take advantage of this service by contacting our eBill Agent, Jopari Solutions. You may sign up using the online enrollment form at www.jopari.com or contact the Jopari Provider Registration Call Center at toll free (866) 269-0554. We encourage you to participate as electronic billing allows for a fast, efficient and cost effective method of processing bills.

EXHIBIT 3





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALFREDO COTTO, LAW OFFICES OF WILLIAM
PAGER AND WILLIAM PAGER ESQ.

                    Plaintiffs,

   -against-

NYU LANGONE HOSPITALS, NYU LANGONE
HEALTH SYSTEMS, NEW YORK LANGONE
MEDICAL CENTER, NYU LANGONE
ORTHOPEDIC HOSPITAL, HANK ROSS
MEDICAL P.C., ALLSTATE INSURANCE
COMPANY, TRUSTEES OF THE 1199 SEIU
FUND FOR HEALTH AND HUMAN SERVICE
EMPLOYEES

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Docket No. 19-CV-4089 (DLI)(ST)

---

## MEMORANDUM OF LAW IN SUPPORT OF THE NYU LANGONE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

GARFUNKEL WILD, P.C.
*Attorneys for NYU Langone Defendants*
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

5442207v.4

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ..................................................................................................1

POINT ONE

THIS COURT LACKS SUBJECT MATTER JURISDICTION
OVER THE CONTROVERSY ALLEGED IN THE COMPLAINT......................................2

POINT TWO

EVEN IF THIS COURT COULD EXERCISE JURISDICTION OVER THIS MATTER,
THE PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION AND
MUST BE DISMISSED .............................................................................................................4

    A.    The First Cause Of Action For Unknown Relief Must Be Dismissed....................5

    B.    Plaintiffs' Breach Of Contract Claim Must Be Dismissed ....................................7

    C.    Plaintiffs' Unjust Enrichment Cause Of Action Must Be Dismissed .....................8

CONCLUSION...........................................................................................................................9

5442207v.4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Caterpillar Inc. v. Williams,*
482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ................................................................. 2

*Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC,*
77 F. Supp. 3d 364 (S.D.N.Y. 2015) ................................................................. 8

*Gershon v. Wal-Mart Stores, Inc.,*
901 F. Supp. 128 (S.D.N.Y. 1995) ................................................................. 4

*Gully v. First National Bank,*
299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ................................................................. 3

*Gurerro v. FJC Sec. Servs. Inc.,*
423 F.App'x 14 (2d Cir. 2011) ................................................................. 6

*Harsco Corp. v. Segui,*
91 F.3d 337 (2d Cir.1996) ................................................................. 7

*Howell v. Am. Airlines, Inc.,*
2006 WL 3681144 (E.D.N.Y. Dec. 11, 2006) ................................................................. 7

*James v. Countrywide Fin. Corp.,*
849 F. Supp. 2d 296 (E.D.N.Y. 2012) ................................................................. 7

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ................................................................. 3

*Nelson v. MillerCoors, LLC,*
246 F. Supp. 3d 666 (E.D.N.Y. 2017) ................................................................. 8

*Nowak v. Ironworkers Local 6 Pension Fund,*
81 F.3d 1182 (2nd Cir. 1995) ................................................................. 4

*Tray–Wrap, Inc. v. Veneman,*
2004 WL 2346619 (S.D.N.Y. Oct. 18, 2004) ................................................................. 7

**Statutes**

29 U.S.C. 1132 ................................................................. 6

28 U.S.C. 1332 ................................................................. 2

ii

**Other Authorities**

11 NYCRR 65-1.1 ........................................................................6, 7

F.R.C.P. 12(b)(1) ...........................................................................3

F.R.C.P. 12(b)(6) ...........................................................................4

iii

## PRELIMINARY STATEMENT

Plaintiffs Alfredo Cotto, Law Offices of William Pager, and William Pager, Esq. have filed a patently frivolous lawsuit against NYU Langone Hospitals, NYU Langone Health Systems, New York Langone Medical Center, and NYU Langone Orthopedic Hospital (the "NYU Langone Defendants") that, as a threshold matter, does not belong in the federal courts and that, in any event, fails to allege facts sufficient to state a claim against the NYU Langone Defendants. The Complaint filed by the Plaintiffs represents nothing more an attempt to drag the NYU Langone Defendants into already existing litigation between Plaintiffs and Defendant 1199SEIU National Benefit Fund for Health and Human Service Employees (the "Fund"). *See* Docket No. 8, pgs. 4-8. For the reasons set forth below, the Complaint is fatally flawed and must be dismissed as to the NYU Langone Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Indeed, the Court does not have jurisdiction over this matter (even if a cognizant cause of action had been alleged), because there exists within the four corners of the Complaint neither a question of Federal law, nor diversity between the parties. As to the pleading itself, the first cause of action alleged is unintelligible. Plaintiffs also assert a breach of contract claim against the NYU Langone Defendants, but the claim fails to identify the contract or its terms, requiring its dismissal. Finally, the Complaint alleges a catch-all "unjust enrichment" cause of action that fails to plead what benefit has been conferred upon the NYU Langone Defendants that must, in equity and good conscience, be restored to Plaintiffs.

Further, even if this matter were to survive the pleading stage, which it should not, the NYU Langone Defendants would show that they provided medically necessary services to Mr. Cotto following a car accident, for which they are entitled to be paid. Although a no-fault carrier

1

identified by Mr. Cotto authorized the NYU Langone Defendants to provide the services, once the carrier was billed, it disclaimed that any coverage was available to pay for Mr. Cotto's injuries. *See* Declaration of Colleen M. Tarpey, Esq. dated September 24, 2019 (hereinafter, "Tarpey Dec.") at Ex. 2. The NYU Langone Defendants then billed the secondary insurance that Mr. Cotto had identified – the Fund – which paid the NYU Langone Defendants for their services to the Fund's beneficiary. *See* Tarpey Dec., Ex. 3. Despite allegations in the Complaint to the contrary, the NYU Langone Defendants have absolutely no record of Mr. Cotto ever presenting Defendant Allstate Insurance Company as a payor responsible for the charges. Indeed, as an affirmative defense in this matter, Allstate has alleged that there is no coverage available to Mr. Cotto. *See* Docket No. 14, pg. 2. Accordingly, for the reasons set forth below, the Complaint must be dismissed as against the NYU Langone Defendants.

## POINT ONE

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CONTROVERSY ALLEGED IN THE COMPLAINT

Absent diversity of citizenship, federal-question jurisdiction is required for the Court to hear the controversy in issue here. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Although the Complaint references that "jurisdiction exists under Title 28 USCA 1332," it specifically pleads in the prior paragraphs that all Defendants are citizens of the State of New York, and is thus internally contradictory (amongst its other deficiencies) and fails to allege diversity of citizenship. *See* Complaint, ¶35, *cf.* Complaint ¶¶11, 12, 14, 16 – 27, 29 -32. The only way for the Court to retain jurisdiction over this matter, then, is if there is a federal question. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

2

pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936).

The Complaint purports to invoke the jurisdiction of this Court pursuant to Employee Retirement Income Security Act of 1974 ("ERISA") by making a conclusory reference to the statute in Paragraphs 3 and 4 of the Complaint. But the Complaint makes no attempt to plead how, exactly, ERISA applies to this dispute, nor what terms or conditions of any purported employee benefit fund were breached by any Defendant, let alone by the NYU Langone Defendants. ERISA is the only federal statute mentioned in the confusing and rambling "First Cause Of Action" alleged in the Complaint. The Court and the Defendants cannot be required to guess the basis of federal jurisdiction here. It is Plaintiffs' burden to show that the case belongs in this Court, which they have not done by mere passing reference to a federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (holding that, as courts of limited jurisdiction, a presumption exists that matters lie outside the jurisdiction of the federal courts and the party seeking to invoke their jurisdiction bears the burden of proving otherwise).

The remainder of the statutes raised by Plaintiffs as conferring some duty or obligation on the NYU Langone Defendants in the Complaint's First Cause Of Action are New York State Insurance Law statutes and regulations, all of which are mis-cited in any event, as set forth below. Simply put, no matter how the Court reads the contorted allegations in the Complaint, it is plain on its face that there is neither diversity jurisdiction nor federal subject matter jurisdiction alleged, and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Because there is no original federal subject matter jurisdiction over the

3

Plaintiffs' claims, there is also no supplemental jurisdiction over any of Plaintiffs' state law claims.

It is established that where, as here, there is no original federal subject matter jurisdiction over a party's suit, the federal court is prohibited from exercising supplemental jurisdiction over any related state law claims. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1995). Because the Complaint utterly fails to adequately plead any basis for this Court to exercise jurisdiction over this matter, it must be dismissed in its entirety.

## POINT TWO

### EVEN IF THIS COURT COULD EXERCISE JURISDICTION OVER THIS MATTER, THE PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION AND MUST BE DISMISSED

A district court's function on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to assess the legal feasibility of the complaint. *Gershon v. Wal-Mart Stores, Inc.*, 901 F. Supp. 128, 130 (S.D.N.Y. 1995), *citing Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir.1991). As a bare minimum, a complaint must provide the named defendants and the Court with facts sufficient to understand the causes of action alleged and to allow an assessment of its legal feasibility. The Complaint here fails in this respect. Although it purports to assert three causes of action, the first, as set forth below, is unintelligible. It alleges some vague duty on the part of the NYU Langone Defendants to "properly" collect information needed to bill for the medical services rendered to Mr. Cotto, but fails to identify the source of that duty, instead tossing in citations to ERISA and state insurance statutes and regulations that have no application to the NYU Langone Defendants. It also fails to assert how the NYU Langone Defendants breached that illusory duty even if there was one, or to provide any basis for the Plaintiffs' purported five million dollars in damages, which is plainly pled simply for shock value.

4

The second and third causes of action purport to be for breach of contract and unjust enrichment, respectively.  These are pled in such conclusory fashion as to render them a mere recitation of the elements of each cause of action, without reference to a single fact.  There is not even an attempt by Plaintiffs to identify, for example, what agreement exists or existed between any Plaintiff and any of the NYU Langone Defendants, let alone what the terms of those agreements were or how the terms were breached.   Similarly, the Complaint fails to allege a single fact that would allow the Court to understand what benefit Plaintiffs conferred on the NYU Langone Defendants that must, in equity and good conscience, be returned to them as an otherwise unjust enrichment.

Finally, the Complaint asserts that all Plaintiffs have been damaged to the extent of five million dollars, without a single fact to identify how any of the Defendants purportedly caused such an injury. In the absence of any allegations to support it, the damages figure is plainly pulled from thin air in a transparent effort to intimidate the defendants.  In short, the entire Complaint reveals itself as a sham and a tactic by Plaintiffs to prolong and complicate the on-going litigation between themselves and the Fund. The NYU Langone Defendants have no place in this dispute.  For the reasons set forth below, even if Plaintiffs were to clear the jurisdictional hurdle here (which they cannot), each of their three causes of action must be dismissed as against the NYU Langone Defendants for failure to state a claim.

## A.    The First Cause Of Action For Unknown Relief Must Be Dismissed

The First Cause Of Action Alleged in the Complaint is, frankly put, a rambling mess in which Plaintiffs seem to suggest that the NYU Langone Defendants have some duty, either under ERISA or under state insurance laws or regulations, that they violated. As a threshold matter, the NYU Langone Defendants cannot be sued under ERISA for several reasons. First, it is not

5

alleged, and the NYU Langone Defendants are not, an employee benefit plan as defined by the ERISA statute, nor are the NYU Langone Defendants the trustees or administrators of an employee benefit plan. *See e.g.*, 29 U.S.C. 1132 (c) & (d). Consequently, it is plain that the Court could not grant any of the relief afforded to plan beneficiaries under ERISA's civil enforcement scheme against the NYU Defendants. *See generally*, 29 U.S.C. 1132, *et seq*. Further, the Law Offices of William Pager and William Pager Esq. are not either plan participants or beneficiaries with standing to sue to enforce rights under an ERISA plan, even if such rights existed as against the NYU Langone Defendants. *See Gurerro v. FJC Sec. Servs. Inc.*, 423 F.App'x 14, 16 (2d Cir. 2011). Plainly, to the extent that the First Cause Of Action is attempting to assert a claim under ERISA, it fails to do so with respect to the NYU Langone Defendants.

The state statutes and regulations cited by Plaintiffs in the First Cause Of Action similarly do not apply to the NYU Langone Defendants. Plaintiffs cite the New York no-fault insurance rules generally, but fail to pinpoint what duty the no-fault laws impose upon the NYU Langone Defendants that they purportedly violated. All that is alleged is a vague obligation to "properly collect information" pertaining to a no-fault claim. But even if such a duty existed at law (and it does not), the NYU Defendants' only source of information regarding billing is the patient, Mr. Cotto. *See* Tarpey Dec., ¶¶ 4-7; Ex. 2. The Complaint tellingly fails to allege that Mr. Cotto provided the NYU Langone Defendants with any information about his purported no-fault coverage under an Allstate Insurance Company policy, because he did not. *Id*. The only other regulation cited by Plaintiffs as a basis for their First Cause of Action is 11 NYCRR 65-1.1, which dictates to an insurer what language must be present in its policy endorsements, and has nothing whatsoever to do with any duty owed by any healthcare provider to any patient, or to any

6

insured. *See generally*, 11 NYCRR 65-1.1. The first cause of action is, accordingly, unintelligible at best and sanctionable at worst, and must be dismissed for failure to state a cause of action.

**B.    Plaintiffs' Breach Of Contract Claim Must Be Dismissed**

The Complaint purports to allege a second cause of action for breach of contract. Yet the cause of action is pled in such bare-bones fashion as to render it a legal nullity. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996). "While these elements need not be separately pleaded, failure to allege them *will result in dismissal.*" *Tray–Wrap, Inc. v. Veneman*, 2004 WL 2346619, at *3 (S.D.N.Y. Oct. 18, 2004) (emphasis added). "In order to adequately allege the existence of an agreement, a plaintiff must plead the provisions of the contract upon which the claim is based. A plaintiff need not attach a copy of the contract to the complaint or quote the contractual provisions verbatim... However, the complaint must at least set forth the terms of the agreement upon which liability is predicated by express reference." *Howell v. Am. Airlines, Inc.*, 2006 WL 3681144, at *3 (E.D.N.Y. Dec. 11, 2006) (internal quotation marks omitted).

Here, plaintiff has not specifically identified the contract (or contracts) at issue and has not specified the terms of the agreement that the NYU Langone Defendants purportedly breached, other than to assert that "LANGONE HOSPITAL... had an existing agreement and contract with ALFRED COTTO." Complaint, ¶ 70. Because Plaintiffs have failed to plead an essential element of this breach of contract claim, the NYU Langone Defendants' motion to dismiss the claim must be granted. *See James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296,

7

322 (E.D.N.Y. 2012). *See also, Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, 77 F. Supp. 3d 364, 375–76 (S.D.N.Y. 2015) (dismissing a breach of contract claim where, as here, "[t]aken as a whole, the Complaint is marred by a lack of necessary detail and ambiguity. Plaintiff fails to clearly identify the source of [Defendants'] obligation or the contractual language that defines it.").

## C.  Plaintiffs' Unjust Enrichment Cause Of Action Must Be Dismissed

Finally, Plaintiffs plead a third cause of action purportedly sounding in unjust enrichment. This cause of action too, however, is pled merely by recitation of the elements, without reference to any facts. New York law does not allow claims for unjust enrichment to serve as "catchall cause[s] of action to be used when others fail." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017), *citing Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012).[1] It is only available when a defendant has not breached a contract or committed a recognized tort, and yet the circumstances create an equitable obligation running from the defendant to the plaintiff such as when a defendant, though guilty of no wrongdoing, has received money *to which it is not entitled. Id.* Here, the Plaintiff freely pleads that any money received by the NYU Langone Defendants was received by them as compensation for medical services provided to Plaintiff, Alfred Cotto. *See* Complaint, *passim*. The only apparent objection, according to the Complaint, is that the source of the money received by the NYU Langone Defendants was the Fund. But again, that dispute is squarely between the Fund and Mr. Cotto – there are no allegations that Mr. Cotto actually provided the NYU Langone Defendants with his now-preferred source of payment, the Allstate Insurance

---

[1] Moreover, Plaintiffs cannot have their pleading both ways –even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action, which the Complaint fails to do. *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017).

5442207v.4

Company policy and no allegations that the NYU Langone Defendants were not entitled to be paid for the services they rendered to Mr. Cotto. Thus, Plaintiffs cause of action for "unjust enrichment" similarly fails.

## CONCLUSION

For all of the reasons set forth above, the poorly-pled Complaint fails to establish that the federal courts have subject matter jurisdiction over this alleged controversy, and fails in any event to plead a single cause of action upon which this Court could grant Plaintiffs relief against the NYU Langone Defendants. Accordingly, the NYU Langone Defendants' motion must be granted.

Dated: Great Neck, New York
September 27, 2018

GARFUNKEL WILD, P.C.
*Attorneys for the NYU Langone Defendants*

By _____ /s/ *Roy W. Breitenbach* _____
Roy W. Breitenbach
Colleen M. Tarpey
111 Great Neck Road
Great Neck, NY 11021
(516) 393-2200

9